OPINION OF THE COURT
Joseph J asp an, J.
The defendant is charged with bribe receiving by a labor official (Penal Law, § 180.25; count 1); commercial bribe receiving in the first degree (Penal Law, § 180.08; count 2); official misconduct (Penal Law, § 195.00; count 3); bribe receiving in the second degree (Penal Law, § 200.10; count 4); receiving reward for official misconduct in the second degree (Penal Law, § 200.25; count 5); receiving unlawful gratuities (Penal Law, § 200.35; count 6); and conspiracy in the fifth degree (Penal Law, § 105.05; count 7).
He now moves to dismiss each of these charges upon the grounds that (i) the evidence presented to the Grand Jury was legally insufficient; (ii) that the testimony of one Charles Stapelton, an unindicted accomplice, was not corroborated as required by CPL 60.22; and (iii) that the District Attorney withheld exculpatory evidence from the Grand Jury. The defendant also moves to dismiss counts 1 and 7 upon the further grounds that the defendant is not a “labor official” within the meaning of section 180.10 of the Penal Law and counts 3, 4, 5 and 6 upon the grounds that the defendant is not a “public servant” within the meaning of subdivision 15 of section 10.00 of the Penal Law.
*253 Since the sufficiency of 6 of the 7 counts depends on whether defendant is either a “labor official” or a “public servant”, it becomes the threshold question on this motion.
At the time the alleged crimes were committed, the defendant was the administrator of the Suffolk County Civil Service Employees’ Association Benefit (Welfare) Fund (Welfare Fund) and the Suffolk County Civil Service Employees Association Legal Services Fund.
The Welfare Fund was established on May 6, 1975, pursuant to a collective bargaining agreement between the County of Suffolk and the Suffolk County Civil Service Employees Association (CSEA). All contributions to the fund were to be made by the county.
The acknowledged purpose of the fund was to provide “health and welfare and like benefits” to employees of the county and their families and dependents, and “for financing the expenses of the Trustees and the operation and administration of the Fund” (Agreement and Declaration of Trust, May 6, 1975, art II, §2; italics supplied).
The operation and administration of the Welfare Fund was vested in an eight-member board of trustees (four of whom are appointed by the CSEA and four of whom are appointed by the employer [County of Suffolk]; art III, § 1).
Pursuant to the trust agreement, the board was empowered to hire and employ an administrator (art IV, § 1); “to delegate to any agents or employees such duties as they consider appropriate” (art IV, § 1); and “[t]o enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust” (art IV, §3, subd [b]).
In May, 1975 the defendant Richard Confoy was hired by the board as the administrator of the Welfare Fund and as set forth in an employment contract dated December 3, 1979 delegated with the authority “to manage, direct and supervise the staff of the Funds in the discharge of the Funds’ business, inclusive of, but not limited to: *** performing all such other studies and duties as well as rendering such other consultation and advice as may be required of him in connection with the administration of the Funds.” (Italics supplied.)
*254 In the summer of 1980 the fund decided to implement an in-house computer system to process health claims and accepted bids from various data processing companies seeking to provide the afore-mentioned services. A contract for some $116,000 was ultimately awarded to Simplified Data Processing Systems (SPDS), a Suffolk County firm whose president was one Charles Stapelton. It is alleged that the defendant solicited and accepted a bribe to use his influence in aiding SPDS in having its bid accepted.
I
Is the defendant a labor official within the meaning of article 180 of the Penal Law?
Count 1 of the indictment charges the defendant with bribe receiving by a labor official (Penal Law, § 180.25) and count 7 charges the defendant with conspiracy to commit that crime of bribe receiving by a labor official.
Section 180.25 of the Penal Law provides that a “labor official is guilty of bribe receiving by a labor official when he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that such benefit will influence him in respect to any of his acts, decisions, or duties as such labor official (Italics supplied.)
Section 180.10 of the Penal Law further provides that: “As used in this article, ‘labor official’ means any duly appointed representative of a labor organization or any duly appointed trustee or representative of an employee welfare trust fund.” (Emphasis added.)
Concededly, the defendant is neither a “duly appointed representative of a labor organization” or a “duly appointed trustee *** of an employee trust fund” (Penal Law, § 180.10).
The court has not found nor have any of the parties cited any cases which construe the term “representative of an employee welfare trust fund” as that term is used in section 180.10. Nor is that term defined within the penal statutes.
Thus, the court must now determine the meaning of that term and its application to the defendant.
*255 Construction is a process for determining the meaning of a statute and has been defined as “the art or process of determining the proper meaning or application of provisions contained in statutes or other written instruments” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 71, p 138).
In this regard, section 5.00 of the Penal Law provides that “[t]he general rule-that a penal státute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” (Emphasis added.)
“[I]t is only in extraordinary cases that the court is . justified in extending the application of the statute beyond the plain words thereof, and notwithstanding the statutory rule for the construction of penal laws, if a statute makes penal the doing of something not previously unlawful, the language of the statute should be given a reasonable construction to carry into effect the purpose of the Legislature, but it cannot be enlarged, so as to make penal what is not plainly written in the statute itself. Words employed in such a statute should be given their ordinary and usual meaning, and should not be so construed as to make out a crime by implication” (McKinney’s Cons Laws of NY, Book 1, Statutes, §276, p 446).
Former section 380 of the Penal Law (eff Sept. 1, 1953) made it a crime for any duly appointed representative of a labor organization to solicit, accept or. agree to accept money, property, etc., upon an agreement or understanding that his acts, decisions or other duties as a labor representative would be influenced.
In People v Cilento (207 Misc 914, affd 1 AD2d 206, mod 2 NY2d 55), the court dismissed a charge of “bribery of a labor representative” as against a “trustee” of an employee welfare fund upon a finding that a “trustee” was not a representative of a labor organization within the meaning of section 380.
In response to that decision, the Legislature (L 1956, ch 801) amended section 380 to include not only labor representatives, but also “any duly appointed trustee or other *256 duly appointed representative of an employee welfare trust fund” (italics supplied).
That amendment was carried forward in the 1965 enactments (Penal Law, §§ 180.10, 180.15, 180.25; L 1965, ch 1030) which made it a crime to bribe, a labor official or for a labor official to receive a bribe.
As stated, supra, the term labor officials as set forth in section 180.10 now includes the term “any duly appointed trustee or representative of an employee welfare trust fund.” (Italics supplied.)
The use of the word “or” as set forth above conveys a legislative intent to designate “representatives” as a separate and distinct category from that of “trustees”. “Usé of the conjunction ‘or’ in a statute usually indicates that the language is to be construed in an alternative sense.” (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 235, p 401.)
Black’s Law Dictionary (4th rev ed, 1968) defines “representative” as “[ojne who represents or stands in the place of another.” Section 701 of the Labor Law provides that the term “representatives” includes a labor organization or an individual whether or not employed by the employer of those whom he represents. Webster’s Third New International Dictionary (unabridged) further defines representative as “standing for or in the place of another; acting for another or others; constituting the agent for another especially through delegated authority.” (Italics supplied.)
In People v Chapman (13 NY2d 97, 101), the court quoting from People v Jackson (191 NY 293), stated:
“ ‘It is sufficient if the defendant assumed, colore officii, to perform a function belonging to his office even if the right to perform it did not exist in the particular case * * *
“ ‘Just as an officer de facto is punishable for malfeasance in office the same as if he had been an officer de jure, so an. officer de jure acting apparently with, but really without jurisdiction, is punishable for accepting a bribe the same as if he had had complete jurisdiction, provided the action to be corruptly taken was in form appropriate to the office held by him.’” (Accord People v Herskowitz, 41 NY2d 1094.)
*257 In the instant case, it is quite obvious that the term “representative” was intended to refer to those persons employed by an employee welfare fund to manage, supervise and direct the welfare fund and in the appropriate case to make such recommendations as will be ultimately acted upon by the trustees thereof in fulfillment of their obligation to administer the trust for the benefit of the employees covered thereby.
Accordingly, I find that the defendant by reason of his employment as administrator of the Welfare Fund with the power to oversee the operations of the fund and to make recommendation to the trustees thereof is a “labor official” within the meaning of section 180.10 of the Penal Law.
II
Is the administrator of an employee welfare fund a “public servant”?
Counts 3, 4, 5 and 6 charge the defendant with official misconduct, bribe receiving in the second degree, receiving reward for official misconduct in the second degree and receiving unlawful gratuities. Each of these charges allege that the defendant acted in a criminal capacity through the misuse of his position as a “public servant”.
The defendant contends that each of these counts must be dismissed since he is not a “public servant” within the meaning of section 10.00 of the Penal Law. Subdivision 15 of that section defines “public servant” as: “(a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee” (emphasis added).
The Practice Commentaries to subdivision 15 of section 10.00 further indicates that the afore-stated definition includes: “not only every category of government or public ‘officer,’ but every ‘employee’ of every such officer or agency, every person specially retained to perform some government service and every person who, though not having yet assumed his official duties, ‘has been elected or designated to become a public servant’ ” (Hechtman, McKinney’s Cons Laws of NY, Book 39, Penal Law, pp 22-23).
*258 The defendant argues that he may not be classified as a “public servant” since he is not a public officer; an employee of the local government; or a person who exercises the function of any such public officer or employee.
The People concede that the defendant is neither a public officer nor a governmental employee, but nevertheless claim that he exercises the functions of a public officer of the local government.
Since the defendant derives his administrative powers from the board of trustees, the question presented is whether the trustees are themselves “public officers” or “employees” of the local government within the meaning of subdivision 15 of section 10.00.
In determining whether an individual is a public officer, the court must consider the nature of the office, the functions and duties of the office with regard to the manner in which they concern and affect the public, whether such duties involve some portion of the sovereign power and the tenure of the occupant (Matter of Haller v Carlson, 42 AD2d 829) and whether the agency involved was created for public purposes. (Matter of New York Post Corp. v Moses, 12 AD2d 243, revd on other grounds 10 NY2d 199.)
Also to be considered is whether the office is an elective position; whether the office was created by the Legislature or a State or local government or whether the Legislature or State or local government designated the individual to perform some function of the government (Public Officers Law, §2; Matter of Sweeney v Donovan, 1 Misc 2d 125).
The public interest may be served by the establishment of employee benefit plans (see Insurance Law, §37; Employee Retirement Income Security Act, US Code, tit 29, § 1001, et seq.).
But the public interest is not to be equated with public service. The public interest extends to many areas including regulated utilities, but it cannot be validly argued that their employees have duties involving some portion of the sovereign power.
In this case the May 6, 1975 Agreement of Declaration and Trust provides that the Welfare Fund “shall be a Trust Fund and shall be used for the purpose of providing, either *259 on an insured or self-insured basis, health and welfare and like benefits *** for Employees, their families and dependents” (art II, § 2).
Its trustees are charged with a duty to administer the fund “on behalf of the Employees” (art IV, § 3, subd a); to construe (art IV, § 2) and amend (art VIII, § 1) the May 6, 1975 agreement and to hire such persons as are necessary to and appropriate in the performance of their duties (art IV, §1).
These are not public functions but the assumption of a fiduciary duty to private individuals — some of whom serve as municipal employees.
It is noted parenthetically that only a trustee appointed by a court or Judge is referred to in the Public Officers Law as a public officer (Public Officers Law, § 28).
This court concludes that the defendant as the administrator of the funded plans referred to herein is not a public officer within the meaning of section 10.00 of the Penal Law.
Accordingly, counts 3, 4, 5 and 6 of the indictment are dismissed.