OPINION OF THE COURT
Alan L. Lebowitz, J.
Defendant, an emergency medical technician employed by the Emergency Medical Service (hereinafter referred to as EMS), is charged with three counts of sexual abuse in the third degree (Penal Law § 130.55) and one count of official *973 misconduct (Penal Law § 195.00). The complaining witness alleges that defendant touched her breasts, inserted his finger in her vagina and inserted a finger in her anus while being transported in an EMS ambulance to Methodist Hospital for breathing difficulty.
Defendant moves to dismiss the count of official misconduct pursuant to CPL 100.40, 170.30 and 170.35 on the ground that this count of the information is facially defective. Defendant contends that EMS is a private corporation, contracted by the New York City Health and Hospitals Corporation (hereinafter referred to as HHC) and therefore defendant is not a public employee as defined by Penal Law § 10.00 (15). In support thereof, defendant relies on Matter of County of Suffolk v State of New York (138 AD2d 815 [3d Dept 1983], affd 73 NY2d 838) and People v Confoy (110 Misc 2d 252 [Sup Ct, Suffolk County 1981]).
A hearing was held on this issue and the following constitutes the court’s findings and conclusions.
The People’s witness, Daniel Cohen, Esq., deputy counsel for HHC, testified that although employees are nevertheless members of the New York City Employees’ Retirement System, Mr. Cohen also stated that all medical benefits for EMS employees are provided by the City of New York; that lawsuits involving EMS are defended by the Corporation Counsel of the City of New York and finally that all collective bargaining contracts are negotiated through the Office of Collective Bargaining of the City of New York.
The defendant’s witness, Kevin Lightsey, testified that he is an emergency medical technician, level "D” and is employed by EMS. He also serves as recording secretary for Local 2507, the union representing all EMS employees. He stated that the union considered EMS as a quasi-city agency. Although employees are not required to take open competitive civil service examinations, all investigations relating to the qualifications for employment with EMS are conducted by the Department of Personnel of the City of New York.
Penal Law § 195.00 states:
"A public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit:
"1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized.”
*974 Penal Law § 10.00 (15) (a) defines a public servant as "any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state.”
HHC is a public benefits corporation established to administer the hospitals formerly administered by the City of New York (McKinney’s Uncons Laws of NY § 7384). Section 7385 (9) of these laws specifically authorize the HHC "[t]o provide, maintain and operate an ambulance service to bring patients to or remove them from any health facility of the corporation.” The EMS is the designated ambulance service.
HHC is a nonmayoral agency independent of the City of New York and it is not per se a city agency. (Brennan v City of New York, 59 NY2d 791 [1983]; Bender v New York City Health & Hosps. Corp., 38 NY2d 662 [1976].)
Notwithstanding its independent status, section 7390 (5) of McKinney’s Unconsolidated Laws of NY states "[t]he corporation, its officers and employees, shall be subject to article fourteen of the civil service law and for all such purposes the corporation shall be deemed 'public employees’ ”. Section 7390 (4) of McKinney’s Unconsolidated Laws of NY states that "[a]ny officer or employee of the corporation who heretofore acquired or shall hereafter acquire such position status by transfer and who at the time of such transfer was a member of the New York City employees’ retirement system shall, with respect to such retirement system, continue to have the rights, privileges, obligations and status which would have applied to him if he had continued the office or position which entitled him to such membership prior to such transfer. Employment by the corporation shall constitute city-service for the purposes of title B of chapter three of the administrative code of the city.”
Defendant’s reliance on Matter of County of Suffolk v State of New York (supra) and People v Confoy (supra) are misguided. In Matter of County of Suffolk v State of New York (supra), the Court relying on a definition of public officers by the New York State Constitution held that the positions of automobile facilities inspector, motor vehicle inspector and motor vehicle license examiner were not public officers for reimbursement of prosecutorial expenses in a bribery case. The instant case does not rely on this constitutional provision nor does it pertain to the statute this defendant is charged with violating. In People v Confoy (supra), another bribery *975 case, the court was asked to consider whether an administrator of an employee welfare fund is a public servant within the meaning of Penal Law § 10.00 (15). The court held that the defendant was not a public servant. Neither of these cases relied on by defendant have any bearing on the issue before this court.
By virtue of the foregoing, the court finds that defendant is a public servant within the definition of Penal Law § 10.00 (15) and accordingly the motion to dismiss the count of official misconduct is denied.