Conwat, Cli. J.
It is charged in 16 separate counts of the indictment that defendant Cilento ‘ ‘ being a duly appointed representative of a labor organization, to wit, a trustee of the Social Security Fund of the Distillery, Rectifying & Wine Workers ’ International Union of America (A. F. of L.), and secretary-treasurer of the Distillery, Rectifying & Wine Workers’ International Union of America (A. F. of L.) ”, solicited, accepted and agreed to accept specified sums of money upon an agreement and understanding, express and implied, that he, Cilento, should be influenced in respect to ‘ ‘ his acts, decisions and other duties as such representative.” Defendants Scalise and Carfano are charged in each of the 16 counts with conspiracy in aiding and abetting defendant Cilento in- the commission of each of the crimes of bribery. The divers sums of money set forth in the 16 counts of the indictment total the sum of $84,094.18, and were paid to Cilento to obtain his influence in the placement of the insurance policies of the union’s Social Security Fund. The bribes allegedly occurred during the period from September 16, 1953 to September 9, 1954.
Defendants made a motion to dismiss the indictment on the grounds that (1) the acts charged against the defendants are not embraced within subdivision 2 of section 380 of the Penal Law and are not within the intent of the Legislature in the enactment of that section, and (2) that the testimony before the Grand Jury is insufficient, as a matter of law, to warrant the findings of the indictment. General Sessions and a majority of the Appellate Division sustained the motion on the ground that the acts charged against the defendant Cilento are not embraced within section 380 of the Penal Law and that therefore the whole indictment should be dismissed since the crimes of conspiracy of Scalise and Carfano are dependent upon a violation under section 380 of the Penal Law by Cilento.
The portion of the statute involved became effective on September 1, 1953 and provides as follows:
“ § 380. Bribery of labor representatives. * * *
“ 2. Any duly appointed representative of a labor organization who solicits or accepts or agrees to accept from any person any money, property or thing of value upon any agreement or understanding, express or implied, that he shall be influenced *60 in respect to any of his acts, decisions, or other duties as sueb representative, or upon any agreement or understanding, express or implied, that he shall refrain from causing or shall prevent a strike or work stoppage or any form of injury to any business, is guilty of a misdemeanor. ’ ’
Cilento was an elected official of the union, to wit, its general secretary-treasurer, and it cannot be disputed that he was a labor representative in such capacity. The general secretary-treasurer is elected to such position at a regular convention of the union which is attended by the delegates of the local unions. Cilento, as a labor representative, may be found to be guilty of a violation of subdivision 2 of section 380 of the Penal Law if he be found to have solicited or accepted or to have agreed to accept “ from any person any money * * * upon any agreement * * * that he [should] shall be influencéd in respect to any of his acts, decisions, or other duties as such representative * # As a result, we need only ascertain what duties were imposed upon Cilento as a labor representative in his capacity of general secretary-treasurer. Article VI of the union’s constitution is entitled “Duties of Officers ” and section 3 thereof delineates the duties incumbent upon the person acting as general secretary-treasurer. It is therein provided that one of the duties of such position, among others, is that the ‘‘ General Secretary-Treasurer shall by virtue of his office be a member of the Board of Trustees of the Social Security Department * * One of the duties, therefore, imposed upon Cilento as general secretary-treasurer of the union was that of a trustee of the fund. It matters not that in acting as trustee his obligations were to the beneficiaries of the fund itself, who may or may not have been union members, for the duties of trustee were duties imposed upon him in his capacity as general secretary-treasurer, and the carrying out of the trustee’s duties was a function of the office of the general secretary-treasurer. Subdivision 2 of section 380 of the Penal Law refers to “ any of his * # * duties ” (emphasis supplied) and makes no distinction between duties rendered which benefit the union membership itself or duties rendered which may benefit a broader group, such as the beneficiaries of the fund. The only requirement to which the legislative enactment looks is that the duty is a duty imposed upon a labor representative.
*61 In, fact, the positions of general secretary-treasurer and trustee of the fund, which Cilento enjoyed, may not be separated from each other. Cilento by virtue of his official position in the union was a trustee of the fund, and the constitution of the union so provides. Without a constitutional amendment, any attempt by Cilento to resign, or any attempt to remove him, from only one of these “ two ” positions could not be accomplished. If Cilento vacated his office as general secretary-treasurer he would automatically cease to be a trustee, and if he vacated his position of trustee and remained as general secretary-treasurer, a violation of the union constitution would occur. Therefore we do not have “ two ” separate positions, but instead have an overlapping of them, with the duties of trustee being but a small part of Cilento’s over-all duties in his position of secretary-treasurer. The fact that Cilento chose to violate his duties in the area of his trusteeship does not serve to mitigate the fact that he violated at the same time and by the same act one of his duties in the over-all area of his duties as labor representative. The result is that a violation of duty as trustee is ipso facto a violation of his duty as a labor representative, since the greater includes the lesser.
Defendants argue (1) that the Legislature never intended subdivision 2 of section 380 of the Penal Law to cover the factual situation presently before us, and (2) that the statute was enacted with conditions on the New York City waterfront in the minds of the legislators. Even if it be conceded that the initiating cause which culminated in the enactment of that section of the Penal Law was brought about by the disclosure of criminal activities on the waterfront, that does not aid the defendants. Although an aid in statutory interpretation, the initiating cause of legislation does not thereby limit the applicability of that legislation solely to the facts which constituted that cause. The legislative use of the general words ‘1 labor representative ” and “ any person ” clearly evidences an intent to make the statute encompass more than the factual situation alone presented by the initiating cause of the legislation (see, Matter of Di Brizzi [Proskauer], 303 N. Y. 206, 214).
Defendants further urge that subdivision 2 of section 380 of the Penal Law is inapplicable to the factual situation before us, and that this is demonstrated by the bill which amended the section and became effective September 1, 1956 and which *62 reads that ‘ ‘ Any duly appointed representative of a labor organization or any duly appointed trustee or other duly appointed representative of an employee welfare trust fund who solicits or accepts * * # any money * * * upon any agreement * * # that he shall be influenced in respect to any of his acts * * * as such representative * * # is guilty of a misdemeanor.” (Emphasis supplied — the newly added matter being underscored.) It is obvious that the section as it was written when the indictment herein was found did not apply to trustees who held their positions by virtue of management. The fact that Cilento in the factual situation here presented falls within this type of omnibus legislation, however, does not indicate that he was not covered by the legislation in force at the time he is alleged to have committed the crimes charged in the indictment. The Legislature has quite evidently attempted, by the amendment, to make the section applicable to all trustees no matter how appointed.
In addition, the defendants claim that if the section involved were applied to the acts of the defendants it would be so vague and uncertain as to deprive them of due process of law. The Legislature, in determining that any acts, duties or decisions of persons in the capacity of labor representatives were so affected with public interest and the welfare of the hundreds of thousands of union members, proscribed the solicitation, acceptance or agreement to accept money or property upon any agreement or understanding that such representative would be influenced in respect to any of his acts, decisions or duties. The statute is not vague as a result but on the contrary is so clearly worded that any person in the capacity of labor representative could not but clearly understand that a bribe taken to influence any of his duties is in violation of the section.
Since the indictment does set forth acts which constitute a violation under subdivision 2 of section 380 of the Penal Law, we must consider the second ground advanced by the defendants in their motion to dismiss the indictment, viz., that the testimony before the Grand Jury was insufficient as a matter of law to warrant the finding of the indictment. The only defendant as to whom, on this record, it is necessary to consider that point, is the defendant Carfano.
The testimony of Saperstein clearly implicates Carfano as a member of the conspiracy, but inasmuch as Saperstein was *63 an accomplice, corroboration is required before the Grand Jury (People v. Nitzberg, 289 N. Y. 523), just as it is required in order to obtain a conviction by virtue of section 399 of the Code of Criminal Procedure. Two items of corroborative evidence were presented to the Grand Jury, in addition to Saperstein’s testimony, in an attempt to legally implicate Carfano in the crimes for which he was indicted. Those items proved an exchange of two automobiles, one from Saperstein to Carfano, and the other from Carfano to Saperstein’s nephew, plus the fact that Carfano had several meetings in Florida with Cilento and Scalise. The exchange of automobiles in and of itself is not corroborative evidence which would tend to implicate Carfano in the crimes and evidence of mere association of Carfano with perpetrators of the crime is insufficient (see People v. Kress, 284 N. Y. 452, 460). The indictment as to Carfano was properly dismissed.
The order of the Appellate Division should be modified to the extent that the dismissal of the indictment as against Cilento and Scalise should be reversed and the indictment reinstated, and the dismissal of the indictment as to Carfano should be affirmed.
Desmond, Dye, Fuld, Yan Yoorhis and Burke, JJ., concur; Froessel, J., taking no part.
Order of Appellate Division modified in accordance with the opinion herein and, as so modified, affirmed.