280 So.2d 426 (1973)
William NEWMAN, Appellant,
v.
Dale CARSON, As Sheriff of the City of Jacksonville, Appellee.
No. 43,622.
Supreme Court of Florida.
July 11, 1973.
*427 Elliot Zisser and Barry L. Zisser, of Zisser & Zisser, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and James P. Appleman and Jerry E. Oxner, Asst. Attys. Gen., for appellee.
ROBERTS, Justice.
This appeal has been transferred to us by the District Court of Appeal, First District, pursuant to Florida Appellate Rules 2.1 subd. a(5)(d), 32 F.S.A., to review the decision of the Circuit Court of Duval County holding Florida Statutes, Section 811.165, F.S.A., Constitutional, thereby vesting jurisdiction in this Court pursuant to Article V, Section 3.(b)(1), F.S.A.
Appellant, plaintiff-below, who is the owner of Dixie Pawnbrokers, Inc. and who engages in the buying and reselling of used merchandise in addition to receiving certain items in pawn, brought suit for declaratory and injunctive relief concerning the provisions of Florida Statutes, Section 811.165, F.S.A., effective October 1, 1970, and his rights thereunder. Appellee, defendant-below, is the Sheriff of the City of Jacksonville and as Sheriff is charged with the enforcement of the statutory provisions, the constitutionality vel non which is being questioned in the instant cause, which requires the keeping of certain records by persons or firms regularly buying and selling junk as specifically defined by Florida Statutes, Section 205.371, F.S.A., or regularly buying and selling secondhand goods with certain exceptions in the areas of automobile parts, household goods and furniture. Appellant, as a pawnbroker regularly engaged in such course of business, is required to maintain records as set forth in Florida Statutes, Section 811.165, F.S.A. In his complaint, appellant alleged that this statutory provision was unconstitutionally vague, that the statute denied him equal protection of the laws and that he has suffered loss of customers and other hardships as a result of this statute. Appellant prayed that the trial court enter a temporary injunction enjoining appellee, his office, agents, or employees from enforcing the aforesaid statute and that the trial court enter an order declaring Florida Statutes, Section 811.165, F.S.A., unconstitutional.
Appellant and appellee filed cross motions for summary judgment with supporting affidavits. The lower court granted appellee's motion and in its final order on summary judgment declared that "Florida *428 Statute 811.165 is constitutional per se, and that although the requirements of the statute may be burdensome to the plaintiff and others in a similar types of business as the others in a similar type of business as the [sic] police power allow for compliance with the requirements of the statute."
This statute provides:
"(1) Every person engaged in the regular course of business of buying and selling junk, as set forth in Section 205.371, Florida Statutes, and every person or firm regularly buying and selling secondhand goods, wares, merchandise, or articles of any description other than furniture and household goods or automobile parts, whether as a pawnbroker or otherwise, shall keep a record of all such articles sold or purchased, which shall contain the following:
(a) The name and address of each person from whom each article of their stock is purchased, including the signature of the person selling the same, together with said person's social security number or taxpayer's identification number, as the case might be;
(b) A description of the article purchased;
(c) The date of purchase;
(c) The date of purchase;
(e) The name, address, and signature of each person to whom each article is sold and the price and date of sale, with the social security number or taxpayer's identification number of the said person. The records shall at all times be subject to the inspection of all police and peace officers and shall be preserved for a period of three (3) years after sale.
(2) A failure to keep the records required under this section and for the period of time required shall be a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.
(3) This section shall not apply to those charitable sales conducted by reputable community service organizations or to individual private sales."
We agree with the trial court and find that this provision is neither vague and ambiguous nor does it violate the equal protection clause of Article 1, Section 2, Constitution of Florida, and of the Fourteenth Amendment to the Constitution of the United States.
The enactment of Florida Statutes, Section 811.165, F.S.A., is a valid exercise of the state's police power. Police power is the sovereign right of the state to enact laws for the protection of lives, health, morals, comfort and general welfare. State ex rel. Municipal Bond and Inv. Co., Inc. v. Knott, 114 Fla. 120, 154 So. 143 (1934); Holley v. Adams, 238 So.2d 401 (Fla. 1970). It is a generally accepted ground that the state is the primary judge of, and may by statute or other appropriate means, regulate any enterprise, trade, occupation or profession if necessary to protect the public health, welfare or morals. McInerney v. Ervin, 46 So.2d 458 (Fla. 1950). Legislative action exercised under the state's police power is valid if such exercise is confined to those acts which may reasonably be construed as expedient at least for the protection of public safety, public welfare, public morals or public health. Sweat v. Turpentine & Rosin Factors, Inc., 112 Fla. 428, 150 So. 617, 618 (1933); Eelbeck Milling Company v. Mayo, 86 So.2d 438, 439 (Fla. 1956); Larson v. Lesser, 106 So.2d 188 (Fla. 1958); Zabel v. Pinellas County Water and Navigation Control Authority, 171 So.2d 376 (Fla. 1965). A great deal of discretion is vested in the Legislature to determine public interest and measures for its protection. Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321 (1942); Holley v. Adams, supra, 238 So.2d at 407.
The act before us which indeed frustrates the sale of stolen merchandise and greatly enhances the possibility of return of these items to their rightful owners is in the interest of public welfare and strikes *429 at the basic evil of disposal by sale of illegally obtained merchandise. The area attacked by the act including "persons or firms regularly buying and selling secondhand goods, wares, merchandise or articles of any description other than furniture, household goods or automobile parts," is demonstrably more harmful than those excluded. Persons or firms sought to be regulated deal in goods such as cameras, radios, jewelry, watches, and items which by their nature and secondhand value lend themselves to pilferage and quick sale.
Appellant predicates his argument that this act is violative of equal protection on the basis that other retailers are not covered by the statute and that subsection (e) of the statute requiring data as to the ultimate purchaser, bears no reasonable relationship to the legislative purpose.
Classifying retailers as to those who regularly buy and sell secondhand goods and those who do not is not violative of the constitutional right to equal protection under the law. In light of the nature of the goods handled by the persons or firms encompassed by the statute and the great increase in crimes committed upon dwellings in this state, this classification is just, fair, and practicable. We find that said classification is a constitutionally valid exercise of legislative power.
Relative to classifications under the equal protection clause, this Court explicated in Finlayson v. Conner, 167 So.2d 569 (Fla. 1964),
"This Court is committed to the rule that a classification will be upheld, and will not be held to be a violation of equal protection of the laws, if there is a just, fair and practical basis for the classification, and it is based on a real difference which is reasonably related to the subject and purpose of the regulation. If there is a reasonable and practical ground of classification for legislative regulations under the police power, it should be upheld even though another classification or no classification would appear more reasonable. Numerous cases stating these principles are cited in 6 Fla.Jur. Constitutional Law Section 304."
In State v. White, 194 So.2d 601, 603 (Fla. 1967), this Court quoted with approval and as authority the following excerpt from 6 Fla.Jur. Constitutional Law, § 303, p. 529,
"A regulatory statute does not offend any provision of organic law merely because it may not, in legal effect, cover the entire field that is subject to similar legislative regulations. That is to say, one is not denied the equal protection of the laws because a permissible classification that includes him does not embrace others who might have been included in a broader classification when those within the class legally formed are accorded equal treatment under the law creating the classification. So long as the classification is based upon practical differences, such as peculiar opportunities for abuse and oppression in a particular class singled out for regulation, it is not unconstitutional. The Legislature may have a lawful reason for confining a regulation to a restricted subject, and the validity of one legislative regulation is not affected by the mere failure to regulate other matters within the legislative power."
Subsequently in Pacheco v. Pacheco, 246 So.2d 778, 781 (Fla. 1971), we emphasized,
"However, the law-making authority may, under its police power, enact regulations that are not all-embracing. It may legislate with reference to degrees of evil and to situations in which the evil is demonstrably more harmful, without denying equal protection of the law. Beasley v. Cahoon, 109 Fla. 106, 147 So. 288 (Fla. 1933). There is no merit to appellant's contention that equal protection is violated when one evil is attacked more severely than others. This is the very essence of the Legislature's policymaking function. An exercise of the police power thus need not apply equally *430 and uniformly to all evils in the state. It is sufficient to satisfy the constitutional requirement of equal protection if the statute applies equally and uniformly to all persons similarly conditioned. Atlantic Coast Line R. Co. v. Coachman, 59 Fla. 130, 52 So. 377 (1910); Davis v. Florida Power Co., 64 Fla. 246, 60 So. 759 (1913)."
We take note of a statement by the Supreme Court of the United States in Katzenbach v. Morgan, 384 U.S. 641, 657, 86 S.Ct. 1717, 1727, 16 L.Ed.2d 828 (1966), to wit:
"`... a statute is not invalid under the Constitution because it might have gone farther than it did. Roschen v. Ward, 279 U.S. 337, 339, 49 S.Ct. 336, 73 L.Ed. 722, that a legislature need not `strike at all evils at the same time.' Semler v. Dental Examiners, 294 U.S. 608, 610, 55 S.Ct. 570, 79 L.Ed. 1086, and that `reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.' Williamson v. Lee Optical Co., 348 U.S. 483, 489, 75 S.Ct. 461, 99 L.Ed. 563."
Furthermore, with regard to appellant's argument relative to subsection (e), a business record reflecting data as to the seller of the stolen property, a description of the item, the date of purchase and the price paid would be incomplete since it would allow for potential apprehension of the wrongdoer but would not aid in the tracing and recovery of the item not only for its evidential value but also for return to its rightful owner.
The statute presently before us is neither vague nor indefinite as measured by the test prescribed by this Court and the Supreme Court of the United States. The test of vagueness of a statute is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. Zachary v. State, 269 So.2d 669 (Fla. 1972). The statute must give reasonable notice that a person's conduct is restricted by the statute. Papachristou et al. v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).
In Brock v. Hardie, 114 Fla. 670, 154 So. 690, 694 (1934), this Court explained,
"Whether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties is the test by which the statute must stand or fall, because, as was stated in the opinion above mentioned, `a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.'
"Such seems to be the test approved by the Supreme Court of the United States. Citation of authorities as to what may be considered the exact meaning of the phrase `so vague that men of common intelligence must necessarily guess at its meaning,' so that certain conduct may be considered within or outside the true meaning of that phrase, or what language of a statute may lie within or without it, would be of little aid to us.
"We must apply our own knowledge with which observation and experience have supplied us in determining whether words employed by the statute are reasonably clear or not in indicating the legislative purpose, so that a person who may be liable to the penalties of the act may know that he is within its provisions or not."
Furthermore, we stated in Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 884 (Fla. 1972), that,
"To make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the *431 acts or conduct prohibited. Impossible standards are not required. Statutory language that conveys a definite warning as to proscribed conduct when measured by common understanding and practices satisfies due process. (Smith v. State, 237 So.2d 139 (Fla. 1970); Hunter v. Allen, 422 F.2d 1158 (5th Cir., 1970).)"
Accordingly the judgment of the trial court holding Florida Statutes, Section 811.165, F.S.A., to be constitutional is hereby affirmed.
It is so ordered.
CARLTON, C.J., and ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.