OVERTON, Justice.
This case is before the Court on direct appeal from a circuit court which held the “B-girl” prohibition statute, section 562.131, Florida Statutes (1977), unconstitutional on its face and as applied to the appellees. We have jurisdiction.[1]
*106 The statute prohibits so-called “B-girl”[2] activity, where employees of an alcoholic beverage establishment solicit the establishment’s patrons to buy drinks for them. We find the statute constitutional and reverse the trial court.
The appellees challenged the statute on the ground that the prohibition of the solicitation of both alcoholic and non-alcoholic beverages bears no reasonable relationship to the purpose of the statute. In appellees’ view, the statute is intended to prohibit the solicitation of alcoholic beverages only; the appellees assert that the inclusion of the words “alcoholic or otherwise” makes the statute an invalid exercise of the police power. The appellees also contend that because the statute applies only to alcoholic beverage licensees and their employees, it violates the state and federal guarantees of equal protection of the laws.
The trial court held the statute unconstitutional on its face because it “transcends the evil sought to be remedied” in violation of the substantive due process rights of the appellees. Art. I, § 9, Fla.Const.; U.S. Const. Amend. XIV. The trial court also found that the statute unreasonably applied solely to alcoholic beverage licensees in violation of article I, section 9, Florida Constitution.
We reject the conclusion of the trial court. State regulation of establishments licensed to sell alcoholic beverages may extend beyond regulation of alcohol sales. The legislature has found that it is in the public’s interest to halt this solicitation activity in establishments which sell alcoholic beverages, and we find it is rational and reasonable legislation.
We reject the argument of appel-lees that such regulation is a violation of their equal protection rights because there are countless establishments which sell nonalcoholic beverages and are not subject to this legislation. Statutory regulation need not be all-encompassing. Newman v. Carson, 280 So.2d 426 (Fla.1973); Pacheco v. Pacheco, 246 So.2d 778 (Fla.1971). A classification based upon a legislative determination that establishments serving alcoholic beverages are particularly susceptible to the activity is not irrational. The dictates of due process and equal protection, related in regulation of this type, require only that the statutory means of regulation be rationally related to the statutory objective, and that the members of the regulated class be treated equally. Soverino v. State, 356 So.2d 269 (Fla.1978); Gammon v. Cobb, 335 So.2d 261 (Fla.1976). This standard was met in the instant case.
We find section 562.131 to be constitutional. Accordingly, we reverse the judgment of the trial court and remand for new trial.
It is so ordered.
ADKINS, BOYD, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, C. J., concurs in result only.

. Art. V, § 3(b)(1), Fla.Const.

. The term is colloquial; the statute is gender neutral. Section 562.131, Florida Statutes (1977), provides:
Solicitation for sale of alcoholic beverage prohibited; penalty.—
(1)It is unlawful for any licensee, his employee, agent, servant, or any entertainer employed at the licensed premises or employed on a contractual basis to entertain, perform or work upon the licensed premises to beg or solicit any patron or customer thereof or visitor in any licensed premises to purchase any beverage, alcoholic or otherwise, for such licensee’s employee, agent, servant, or entertainer.
(2) It is unlawful for any licensee, his employee, agent, or servant to knowingly permit any person to loiter in or about the licensed premises for the purpose of begging or soliciting any patron or customer of, or visitor in, such premises to purchase any beverage, alcoholic or otherwise.
(3) Any violation of this section is a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.