383 So.2d 228 (1980)
Donnie W. REYNOLDS et al., Appellants,
v.
STATE of Florida, Appellee.
No. 57612.
Supreme Court of Florida.
April 24, 1980.
*229 Robert E. Pyle, Lake Alfred, for appellants.
Jim Smith, Atty. Gen. and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
ALDERMAN, Justice.
This cause is before the Court on direct appeal from a final order of the trial court upholding the constitutionality of the statute requiring junkyard owners to keep records of all motor vehicles acquired as junk during the course of their business. We uphold the constitutionality of this statute and affirm the trial court.
Defendants, the owner and employees of a junkyard, were charged by information with the failure to keep records on a junk vehicle under section 319.30, Florida Statutes (1979). In a motion to dismiss the charges against them, defendants challenged the statute as being unconstitutionally vague and an unlawful delegation of legislative authority. The motion was denied, and, after reserving their right to appeal these issues, the defendants entered pleas of nolo contendere and were placed on two years probation without adjudication.
The statute under which defendants were charged provides in pertinent part:
319.30 Dismantling, destruction, change of identity of vehicle; motor vehicle declared salvage.
.....
(6) The owner of any junkyard or salvage yard or his agent or employee who purchases or otherwise acquires a motor vehicle, or any part thereof, defined as junk or salvage or a total loss shall keep an accurate and complete record of all such motor vehicles, or any major component part thereof, purchased or received in the course of his business. As used in this subsection, the term "major component part" means the front end assembly (fenders, hood, grill, and bumper); rear body section (both quarter panels, decklid, bumper, and floor pan); door assemblies; engine; and transmission. These records shall contain the name and address of each person from whom a motor vehicle defined as junk or salvage or a total loss was purchased or acquired, including the signature of the person selling or disposing of same together with said person's driver's license number if available. These records shall indicate when such purchases or receipts occurred. For the purposes of enforcement of this section, the department or its agents and employees shall have the same right of inspection as law enforcement officers as provided in s. 812.055. Any person who violates this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(7) The department shall make, promulgate, and enforce regulations as are reasonably necessary to carry out the intent of this section in accordance with the provisions of chapter 120.
The test of vagueness of a statute is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and purpose. The statute must give reasonable notice that a person's conduct is restricted by the statute. Newman v. Carson, 280 So.2d 426 (Fla. 1973).
The statute here is very similar to the pawnbroker statute challenged in Newman. Both require the keeping of certain records, and both are for the purpose of frustrating the sale of stolen goods. We find here, as we did in Newman, that the statute is a valid exercise of the state's police power and that it is not vague as measured by the test prescribed by this Court.
*230 In addressing the issue of unlawful delegation of legislative authority, this Court has said that it is not necessary for the legislature to prescribe specific rules of action in conferring authority on a tribunal to be charged with some aspect of the police power. The discretion that is granted to such an agency, however, must be sufficiently governed by legislative standards as to constitute a judicially reviewable discretion. Florida State Board of Architecture v. Wasserman, 377 So.2d 653 (Fla. 1979). We have also recognized that the specificity of standards and guidelines may depend upon the subject matter dealt with and the degree of difficulty involved in articulating finite standards. Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978).
We find that the record-keeping standards and guidelines prescribed by the statutory provision in question are sufficiently specific to overcome the unlawful delegation challenge.
Accordingly, we affirm the order of the trial court upholding the constitutionality of section 319.30, Florida Statutes (1979).
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.