DOWNEY, Judge.
The State appeals from an order of the County Court of Palm Beach County dismissing an information against appellee on the grounds that the statute giving rise to the charge is unconstitutional. This court has jurisdiction. Art. V, § 4(b)(1), Fla. Const.; Art. V, § 5(b), Fla.Const.; § 26.-012(1), Fla.Stat. (Supp.1980).
It appears appellant was in charge of the transportation department of the Palm Beach County School Board. Maintenance of the county school buses was included in the duties of that department. During the fiscal year 1979-80 appellant allegedly disposed of tire carcasses or casings (which had been removed from school buses) without competitive bidding, in violation of Section 274.06, Florida Statutes (1979). More specifically, the information the State Attorney filed against appellee charged, in pertinent part, that between June 1, 1979, and January 11, 1980, appellee disposed of tire carcasses and casings, being property of the Palm Beach County School Board having a value in excess of $200 (which property was obsolete or uneconomical or inefficient or had no useful function) without soliciting bids therefor or selling said property at public auction as required by Section 274.06, Florida Statutes. Appellee moved to dismiss the information on the ground the statute was vague and indefinite as to what specific property is subject to its terms, thereby violating appellee’s due process rights. The trial court agreed, declared the statute unconstitutional, and dismissed the information. Section 274.06, Florida Statutes (1979), provides:
Alternative procedure. — Having consideration for the best interests of the county or district, a governmental unit’s property that is obsolete or the continued use of which is uneconomical or inefficient, or which serves no useful function, which property is not otherwise lawfully disposed of, may be disposed of for value without bids to the state, to any governmental unit, or to any political subdivision as defined in s. 1.01, or if the property is without commercial value it may be donated, destroyed, or abandoned. The determination of property to be disposed of by a governmental unit pursuant to this section instead of pursuant to other provisions of law shall be at the election of such governmental unit in the reasonable exercise of its discretion. Property, the value of which the governmental unit estimates to be between $100 and $200, shall be sold only to the highest responsible bidder after a request for at least three bids, or by public auction. Any sale of property the value of which the governmental unit estimates to be $200 or more shall be sold only to the highest responsible bidder, or by public auction, after publication of notice not less than 1 week nor more than 2 weeks prior to sale in a newspaper having a general circulation in the county or district in which is located the official office of the governmental unit, and in additional newspapers if in the judgment of the governmental unit the best interests of the county or district will better be served by the additional notices; provided that nothing herein contained shall be construed to require the sheriff of a county to advertise the sale of miscellaneous contraband of an estimated value of less than $200.
For purposes of this case the key word in the statute is “property.” That word is defined in Section 274.01(3), as follows:
“Property” means all tangible personal property, owned by a governmental unit, of a nonconsumable nature.
Appellee attacks Section 274.06 by characterizing as vague the phrase “of a non-consumable nature” in Section 274.01(3). In his written order declaring Section 274.-06 unconstitutional the trial judge stated:
“What does ‘noneonsumable’ mean? What does ‘consumable’ mean?
“If ‘consumable’ means that which can be used — or used up — then ‘nonconsuma-ble’ would mean that which cannot be used — or used up.
*428 “However, if ‘consumable’ means something that can be sold, then ‘nonconsuma-ble’ would mean something that could not be sold.
“In any event, these different meanings might require different conduct under the statute. At best the statutory definition is confusing.”
Whether a statute is unconstitutionally vague depends upon whether the language conveys sufficient warnings of the proscribed conduct measured by common understanding and practice. Newman v. Carson, 280 So.2d 426 (Fla.1973). Words of common usage in a statute should be given their natural, usual, plain, ordinary meanings unless they are used in a technical sense. Therefore, courts should attribute to words used in a statute the ordinary meaning usually attributed to them unless a different meaning or connotation is necessarily implied from the manner or context in which the words are used. 30 Fla.Jur., Statutes, § 87.
Webster’s Seventh New Collegiate Dictionary (1971) defines the word “consume” as “to do away with completely,” or “to spend wastefully,” or “to use up.” “Consumable” is defined as “capable of being consumed.” Looking next to the context in which this ordinary word “nonconsumable” is used, we find that Chapter 274, Florida Statutes (1979), deals with the acquisition, maintenance, and disposition of tangible personal property of a nonconsumable nature owned by counties, districts, and other governmental subdivisions of the State. Section 274.06 provides an alternative procedure (to Section 274.05) for the disposition of surplus tangible nonconsumable property of a governmental unit. If the governmental unit determines surplus property has a value of $200 or more, it must be sold only to the highest responsible bidder after publication of notice, or sold at public auction. If the property has no commercial value, it may be donated, destroyed, or abandoned. Appellee is charged with selling tires valued in excess of $200 without soliciting bids or selling at public auction.
We would suppose nearly everything can be totally consumed today, what with atom and neutron capabilities. Therefore, the reasonable meaning to be ascribed to the term “nonconsumable” in the context in which it appears is “not capable of being used up or extinguished when used for its intended purpose.” It appears to us that the statute involved seeks to prohibit, without the procedural safeguards set forth, the disposal of property which has a value because it has not and cannot be used up when used for its intended purpose.[1] Considered in that light, the statute authorizes a governmental unit to dispose of its tangible personal property which cannot be used up when used for its intended purpose, but when it disposes of that property it must follow the procedures set forth therein and either obtain bids or sell at public auction after appropriate publication. One would suppose that property of the governmental unit which can be consumed when used for its intended purpose, e.g., pencils, stationery, and paper clips, will be consumed by the unit and its disposition is not authorized by this chapter.
If the word “nonconsumable” is so construed, we feel confident the average person will be apprised of the type of property which is covered by Section 274.06, so the alleged vagueness attributed to that statute does not exist.
Accordingly, the order of the County Court holding the statute unconstitutional is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
LETTS, C. J., and BERANEK, J., concur.

. We would envision the statute is intended to authorize the sale of property such as old desks, free standing lockers, old fashioned mimeograph machines, and other such property which has become obsolete and uneconomical to use by the governmental unit. It may still have some commercial value and the statute is calculated to obtain that diminished value for the governmental unit.