Moore has petitioned for review of State v. Moore, 424 So.2d 882
(Fla. 1st DCA 1982), which declared section 812.055, Florida Statutes (1981), constitutional. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and approve the district court opinion.
Section 812.055 provides as follows:
 (1) Any law enforcement officer shall have the right to inspect any junkyard, scrap metal processing plant, motor vehicle salvage yard, licensed motor vehicle dealer's lot, motor vehicle repair shop, parking lot, public garage, or other establishment dealing with salvaged motor vehicle parts.
 (2) Such physical inspection shall be conducted during normal business hours and shall be for the purpose of locating stolen vehicles, investigating the titling and registration of vehicles, inspecting vehicles wrecked or dismantled, or inspecting records required in s. 319.30.*
Pursuant to section 812.055, a state trooper and a Gainesville police officer entered Moore's automotive repair shop to check a truck that they suspected had an altered identification number. They located the truck on Moore's property, ascertained that the identification number had been changed, seized the truck, and arrested Moore.
Moore filed a motion to suppress, alleging that section 812.055
unconstitutionally *Page 216 
allowed warrantless searches and seizures in violation of the fourth amendment of the federal constitution and article I, section 12 of the state constitution. The trial court agreed with Moore's contentions and declared the statute unconstitutional. The district court reversed, concurring in the analysis inBludworth v. Arcuri, 416 So.2d 882 (Fla. 4th DCA 1982).
In Bludworth the fourth district held section 812.055
constitutional in the face of claims identical to those made in this case. Bludworth and Moore appear to be the only cases to have considered the constitutionality of section 812.055. We agree with the conclusions in those cases regarding this statute.
As the United States Supreme Court pointed out in Donovan v.Dewey, 452 U.S. 594, 599, 101 S.Ct. 2534, 2538, 69 L.Ed.2d 262 (1981), warrantless administrative searches of business property are not automatically unreasonable because the "interest of the owner of commercial property is not one in being free from any inspections." To withstand challenge, however, the statute allowing such searches must not allow unbridled discretion and the searches must be of a pervasively regulated business so that the business owner is aware that his property is subject to inspection. Id. at 599-600, 101 S.Ct. at 2538-39. Section812.055 meets these requirements.
Motor vehicle theft is widespread and on the increase. AsBludworth points out, the legislature has a legitimate interest in stopping such crimes. Section 812.055 is limited to business establishments that easily could be involved in the theft and unlawful disposition of vehicles. Inspections are restricted to normal business hours. Owners of subject businesses are on notice by the clear language of the statute that their premises will be inspected. Compare United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972) (choosing to engage in a pervasively regulated business is done with the knowledge that records, etc., will be subject to inspection). The first and fourth districts, therefore, correctly concluded that section812.055 does not violate the fourth amendment or article I, section 12, and we approve their decisions in Moore andBludworth.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
* This Court upheld the constitutionality of § 319.30 inReynolds v. State, 383 So.2d 228 (Fla. 1980).