Honorable Bolley "Bo" Johnson Representative, District 4
QUESTION:
1. When may a pawnbroker sell or dispose of personal property which has been pawned or sold to the pawnbroker?
2. Is the time period which personal property must be held before being sold by the pawnbroker tolled if storage charges are paid by the individual who has pawned the item?
SUMMARY:
1. Personal property which has been pawned may be sold or disposed of if there has been no payment on account for 90 days, while personal property which has been sold to the pawnbroker may be sold or disposed of if the seller has not repurchased the item within 60 days after the sale.
2. While payment on the account of personal property which has been pawned appears to alter the time which the property must be held before it may be sold by the pawnbroker, there is no analogous provision for tolling the time which property sold to a pawnbroker must be held before it may be disposed of or sold.
AS TO QUESTION 1:
Section 538.16(1), F.S., provides that:
 Any personal property placed with a pawnbroker,[1]
whether the pawn is a loan of money or a purchase of goods,[2]
is subject to sale or disposal when the seller has not repurchased the property from the pawnbroker and there has been no payment on account made for a period of 90 days or the seller has not repurchased the property from the pawnbroker within 60 days after the sale.
In AGO 91-40, this office considered whether the 60 day and 90 day holding periods set forth in s. 538.16(1), F.S., could be waived by written agreement between the pawner and pawnbroker. Citing the opportunity that the business of pawnbrokers furnishes for the commission and concealment of crime,[3] this office concluded that pawnbrokers must strictly comply with the statutory regulations of their business.
Accordingly, it was determined in AGO 91-40 that pawnbrokers could not make alternative arrangements for disposing of property or enter into agreements for holding pawned property with persons pawning property outside the scope of s. 538.16, F.S. Thus, absent legislation authorizing written agreements in derogation of the holding periods set forth in the statute, this office found that pawnbrokers had no inherent authority to alter the prescribed holding periods.
The plain language of s. 538.16(1), F.S., allows the sale or disposal of personal property placed with a pawnbroker when the seller has not repurchased the property and, in the case of pawn, no payments have been made on account for 90 days, or, in the case of a sale, the seller has not repurchased the property from the pawnbroker within 60 days after the sale. When the Legislature prescribes the manner in which a thing must be done, it is in effect, a prohibition against its being done in any other way.[4]
AS TO QUESTION 2:
As noted above, if no payment on account has been made during the 90 day period following the pawning of personal property, the item may be sold or disposed of by the pawnbroker. It would appear, therefore, that payment on account during the 90 days following the pawning of personal property would toll the time during which a pawnbroker could sell or dispose of the pawned property.
There is no analogous provision which alters the time during which personal property which has been sold to a pawnbroker may be sold, if the seller does not repurchase the property within 60 days after the sale.
I would note, however, that while an agreement between the seller and pawnbroker may not alter the holding periods mandated in s. 538.16(1), F.S., the holding periods are in the nature of mandatory minimum times which must expire before a pawnbroker may sell or dispose of personal property which has been sold or pawned to the pawnbroker. There is no mandate that sold or pawned personal property be sold by the pawnbroker after the time has expired, rather the property is subject to sale when the individual time periods have expired. It does not appear that the purpose for such mandatory minimum holding periods would be impaired if the pawnbroker and pawner or seller agree to a holding period in excess of that prescribed in s. 538.16(1), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] "Pawnbroker" is defined in s. 538.03(1)(c), F.S. (1990 Supp.), as a "secondhand dealer who is regularly engaged in the business of making pawns but does not include a financial institution as defined in s. 655.081 or any person who regularly loans money or any other thing of value on stocks, bonds, or other securities."
[2] In defining "[p]awn," s. 538.03(1), F.S. (1990 Supp.), states that the term means either of the following transaction:
1. Loan of money. — A written or oral bailment of personal property as security for an engagement or debt, redeemable on certain terms and with the implied power of sale on default.
2. Buy-sell agreement. — An agreement whereby a purchaser agrees to hold property for a specified period of time to allow the seller the exclusive right to repurchase the property. A buy-sell agreement is not a loan of money.
[3] See, Newman v. Carson, 280 So.2d 426, 428 (Fla. 1973) (laws regulating pawnbrokers frustrate the sale of stolen merchandise and greatly enhance the possibility of return of those items to their rightful owners; such laws are in the interest of the public welfare and strike at the basic evil of disposal by sale of illegally obtained merchandise).
[4] See, Alsop v. Peirce, 19 So.2d 799, 805 (Fla. 1944), Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), and Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).