LEVY, Judge.
The State appeals a trial court order which declared the commercial bribe receiving statute, Florida Statutes Section 838.15 (Supp.1990), unconstitutionally vague. We reverse.
The State filed an information against Robert J. Roque, the defendant, which alleged the following facts: The defendant was the credit manager for Kelly Tractor Company. As part of his job, the defendant extended credit to entities seeking to finance or refinance construction equipment. In locating suitable entities to which to extend credit, the defendant worked with a Mr. Smith, who helped locate suitable candidates. For each suitable candidate that Mr. Smith brought in, he was paid a commission by Kelly Tractor. The State alleged that the defendant entered into an unauthorized side agreement with Mr. Smith, under which Mr. Smith paid the defendant between 33 and 40 percent of each commission as a “kickback.”
The information charged the defendant with 35 counts of “commercial bribe receiving”, in violation of Florida Statutes Section 838.15 (Supp.1990), which states:
(1) A person commits the crime of commercial bribe receiving if the person solicits, accepts, or agrees to accept a benefit with intent to violate a statutory or common law duty to which that person is subject as:
(a) An agent or employee of another;
(b) A trustee, guardian, or other fiduciary;
(c) A lawyer, physician, accountant, appraiser, or other professional adviser;
*99 (d) An officer, director, partner, manager, or other participant in the direction of the affairs of an organization; or
(e) An arbitrator or other purportedly disinterested adjudicator or referee.
(2) Commercial bribe receiving is a third degree felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The defendant moved to dismiss the commercial bribery counts, and the trial court granted the motion, finding that Section 838.15 was unconstitutionally vague and susceptible to arbitrary application. The gist of the trial court’s opinion was the conclusion that “the commercial bribe receiving statute here at issue suffers the same defects as the official misconduct statutes stricken by the Florida Supreme Court in State v. DeLeo, 356 So.2d 306 (Fla.1978), and State v. Jenkins, [4]69 So.2d 733 (Fla.1985).” It is from this order that the State appeals. See Fla.R.App.P. 9.140(e)(1)(A). This case presents us with the issue of whether Florida’s commercial bribe receiving statute is unconstitutionally vague.
“The vagueness doctrine was developed to insure compliance with the due process clauses of the state and federal constitutions which require that a law be declared void if it is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.” State v. Rawlins, 623 So.2d 598, 600 (Fla. 5th DCA 1993); see Southeastern Fisheries Ass’n, Inc. v. Department of Natural Resources, 453 So.2d 1351, 1353 (Fla.1984); State v. Hoyt, 609 So.2d 744, 747 (Fla. 1st DCA 1992); see also State v. Wershow, 343 So.2d 605, 608 (Fla.1977) (vagueness doctrine enforces the due process clauses of Article I, Section 9 of the Florida Constitution, and Amendment 14 of the U.S. Constitution); Bertens v. Stewart, 453 So.2d 92, 93 (Fla. 2d DCA 1984) (same). “The standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct.” Brown v. State, 629 So.2d 841, 842 (Fla.1994); see State v. Hagan, 387 So.2d 943, 945 (Fla.1980); Richards v. State, 608 So.2d 917, 920 n. 1 (Fla. 3d DCA 1992) (collecting cases), rev’d, 638 So.2d 44 (Fla.1994). Additionally, to survive a vagueness challenge, a statute must be specific enough that it is not susceptible to arbitrary and discriminatory enforcement. See Brown, 629 So.2d at 842; Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994); State, Dep’t of Health and Rehabilitative Servs. v. Cox, 627 So.2d 1210, 1214 (Fla. 2d DCA 1993), rev. granted, 637 So.2d 234 (Fla.1994); see also State v. Moo Young, 566 So.2d 1380, 1381 (Fla. 1st DCA 1990) (applying vagueness analysis as a two-part test); State v. Deese, 495 So.2d 286, 287-88 (Fla. 2d DCA 1986) (same).
In arguing that the statute is facially unconstitutional due to vagueness, the defendant focuses in on the phrase “statutory or common law duty.” The defendant contends that this phrase does not adequately specify what conduct may lead to a violation of the statute. In making this argument, however, the defendant fails to consider that the “common law or statutory duties” involved are only those which apply to the professions or legal relationships specifically enumerated in subparts (l)(a) through (l)(e) of the statute. A person who fits into one or more of these categories is certainly aware of the duties which are commensurate with that station. In other words, a lawyer understands the legal duties of a lawyer, a trustee understands the legal duties of a trustee, and a manager understands the legal duties of a manager. Thus, when read in its entirety, the statute is not unconstitutionally vague because “the party to whom the law applies has fair notice of what is prohibited.... ” Southeastern Fisheries, 453 So.2d at 1353-54; see State v. Hamilton, 388 So.2d 561, 562 (Fla.1980) (“[A] defendant whose conduct clearly falls within the statutory prohibition may not complain of the absence of notice.”); see also People v. Cilento, 2 N.Y.2d 55, 156 N.Y.S.2d 673, 678, 138 N.E.2d 137, 140 (1956) (statute making it a crime for a union representative to take a bribe is not vague because “any person in the capacity of labor representative could not but elearly understand that a bribe taken to influence any of his duties is in violation of the section.” (empha *100 sis in original)).[1]
The use of the word “bribe” in the statute itself further indicates the nature of the prohibited conduct. “Bribery is a well-known word, used widely and understood generally.” King v. State, 246 Ga. 386, 271 S.E.2d 630, 632 (1980). “Bribe” is defined as “a price, reward, gift, or favor bestowed or promised with a view to pervert the judgment or corrupt the conduct....” Webster’s Third New International Dictionary 275 (1986). It is this common usage of the word “bribe”, and not a technical, legal usage, that the Legislature employed in labeling the crime. Individuals of common intelligence know what a “bribe” is. Consequently, we find that the statute adequately advises persons of common intelligence of what conduct is proscribed.
Turning to the second element of the vagueness analysis — arbitrariness—we do not find this statute to be susceptible of arbitrary application so as to violate due process. First, the finite list of professions/legal relationships to which this statute applies limits prosecutorial discretion by applying the statute only to those enumerated positions. Second, the modifier “commercial” in the title “commercial bribe receiving”, along with the enumerated positions, clearly limits the realm in which the statute may be applied to that of private industry and commercial transactions.
These important observations distinguish the commercial bribe receiving statute from the official misconduct statute at issue in DeLeo and Jenkins. In both of those cases, the Supreme Court used identical language in condemning the official misconduct statute’s individual subsections due to the potential for arbitrary application:
The crime defined by the statute, knowing violations of any statute, rule or regulation for an improper motive, is simply too open-ended to limit prosecutorial discretion in any reasonable way. The statute could be used, at best, to prosecute, as a crime, the most insignificant of transgressions or, at worst, to misuse the judicial process for political purposes. We find it susceptible to arbitrary application because of its ‘catch-all’ nature.
Jenkins, 469 So.2d at 734 (footnotes omitted) (quoting DeLeo, 356 So.2d at 308). Unlike the official misconduct statute, the commercial bribe receiving statute applies primarily to private, commercial actors, and not public, political officials. The absence of this public, political element, which was crucial to the decisions in Jenkins and DeLeo, removes the potential for arbitrariness and political misuse from this statute. For these reasons, we conclude that the statute is not subject to arbitrary application, and the trial court erred in finding Section 838.15 facially unconstitutional.
In this appeal, the defendant has also contended that Section 838.15 is unconstitutional as applied to him. However, the defendant conceded at oral argument that his “as applied” argument fails based upon this Court’s holding in Phillips Chemical Co. v. Morgan, 440 So.2d 1292 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 486 (Fla.1984). In Phillips Chemical, which was a civil suit based upon an almost identical fact pattern as is at issue in this case, we held that such kickbacks “were in blatant disregard of the most elemental fiduciary duties owed an employer not to deal in his business for the agent’s own benefit.” Phillips Chemical, 440 So.2d at 1294. This holding in Phillips Chemical represents an unequivocal statement of the particular common law duty which the defendant is alleged to have breached in accepting the kickbacks, and which gives rise to the criminal charges herein.
Accordingly, the order dismissing the 35 counts of commercial bribe receiving is re *101 versed, and this ease is remanded for further proceedings consistent herewith.
Reversed and remanded.

. Our reasoning is similar to that employed by the Supreme Court in Cuda v. State, 639 So.2d 22 (Fla.1994). In Cuda, the Supreme Court compared State v. Rodriguez, 365 So.2d 157 (Fla.1978), to Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947), and concluded that Section 415.111(5) was unconstitutional because it was more like the statute struck down in Locklin than the statute upheld in Rodriquez. 639 So.2d at 24. However, because the enumerated professions/legal relationships in our statute provide a "backdrop” for the statutory and common law duties referred to in the statute, we find our case to be more akin to Rodriquez than to Locklin.