664 So.2d 928 (1995)
Robert J. ROQUE, Petitioner,
v.
STATE of Florida, Respondent.
No. 84182.
Supreme Court of Florida.
September 21, 1995.
Rehearing Denied December 20, 1995.
Mark King Leban of the Law Offices of Mark King Leban, P.A., Miami, and Arturo Alvarez, Coral Gables, for petitioner.
Robert A. Butterworth, Attorney General and Linda S. Katz, Assistant Attorney General, Miami, for respondent.
SHAW, Justice.
We have for review State v. Roque, 640 So.2d 97 (Fla. 3d DCA 1994), wherein the district court declared section 838.15, Florida Statutes (Supp. 1990), valid. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Roque.
Robert Roque was credit manager for Kelly Tractor Company and as part of his job extended credit to organizations seeking to finance construction equipment. Mr. Smith, an independent contractor, worked with Roque in locating suitable candidates for loans and was paid a commission by Kelly Tractor for each good prospect he recruited. The State alleged that Roque entered into an unauthorized side agreement with Mr. Smith wherein Smith paid Roque between thirty-three and forty percent of each commission as a "payback" on deals entered into between October 1, 1990, and June 30, 1991.
*929 Roque was charged with thirty-five counts of "commercial bribe receiving" in violation of section 838.15. The court granted Roque's motion to dismiss the charges, finding the statute unconstitutionally vague and susceptible to arbitrary application. The district court reversed, declaring the statute constitutional.
The State contends that section 838.15 is neither vague nor susceptible to arbitrary application, is expressly limited to commercial transactions, clearly states what act is prohibited, specifically enumerates the business relationships to which it applies, and contains an adequate standard of guilt. We disagree.
Section 838.15 bans commercial bribe receiving and provides in full:
838.15 Commercial bribe receiving. 
(1) A person commits the crime of commercial bribe receiving if the person solicits, accepts, or agrees to accept a benefit with intent to violate a statutory or common law duty to which that person is subject as:
(a) An agent or employee of another;
(b) A trustee, guardian, or other fiduciary;
(c) A lawyer, physician, accountant, appraiser, or other professional adviser;
(d) An officer, director, partner, manager, or other participant in the direction of the affairs of an organization; or
(e) An arbitrator or other purportedly disinterested adjudicator or referee.
(2) Commercial bribe receiving is a third degree felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 838.15, Fla. Stat. (Supp. 1990).
We have declared similar statutes invalid on various grounds:[1] Some were impermissibly vague[2] or were subject to arbitrary application.[3] The present statute suffers from similar ills.
As noted above, section 838.15 makes it a third-degree felony for an "employee" to accept a benefit in return for violating a "common law duty." Few workers in Florida, however, are aware that they owe such a "common law duty" to their employers and fewer still could define the dimensions of that duty. In fact, substantial legal research would be required by many employees to determine their obligations under the law.
By the terms of this act every ... employee ... is required to determine at his peril what specific acts are authorized by law and what are not authorized by law. Honest and intelligent men may reasonably have contrary views as to whether or not a specific act ... is or is not authorized by law and, therefore, the violation or non-violation of this statute may reasonably depend upon which view the court or a jury may agree with.
Locklin v. Pridgeon, 158 Fla. 737, 742, 30 So.2d 102, 105 (1947). The statute "is too vague to give men of common intelligence sufficient warning of what is corrupt and outlawed." State v. DeLeo, 356 So.2d 306, 308 (Fla. 1978).
Further, by its plain language the statute proscribes every violation of an employee's *930 statutory or common law duty, no matter how trivial or obscure, whether it results in harm or not. A head waiter giving preferential treatment to a big tipper or a salesperson on commission giving special service to a well-heeled customer could be subject to criminal prosecution under the plain language of the statute. Because of the statute's indiscriminate sweep, individual prosecutors must decide  based on their own subjective opinions  which violations are sufficiently substantial to warrant full-blown criminal prosecution.
While some discretion is inherent in prosecutorial decision-making, it cannot be without bounds. The crime defined by the statute ... is simply too open-ended to limit prosecutorial discretion in any reasonable way. The statute could be used, at best, to prosecute, as a crime, the most insignificant of transgressions or, at worst, to misuse the judicial process... .
DeLeo, 356 So.2d at 308 (footnote omitted). Section 838.15 invites arbitrary application of the law.
Based on the foregoing, we find section 838.15, Florida Statutes (Supp. 1990), invalid. We quash Roque.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, WELLS and ANSTEAD, JJ., concur.
HARDING, J., concurs in result only.
NOTES
[1] See Cuda v. State, 639 So.2d 22, 23 (Fla. 1994) (statute held invalid which provided that "a person" who "exploits an aged person ... by the improper or illegal use or management of the funds ... of such aged person ... for profit"); State v. Jenkins, 469 So.2d 733, 734 (Fla. 1985) (statute ruled invalid which stated that "a public servant, with corrupt intent to obtain a benefit for himself ... [who] refrain[s] from performing a duty imposed upon him by law" commits a crime); State v. DeLeo, 356 So.2d 306, 307 (Fla. 1978) (statute found invalid which provided that "a public servant, with corrupt intent to obtain a benefit ... [who] violate[s] any statute or lawfully adopted regulation or rule relating to his office" commits a crime); Locklin v. Pridgeon, 158 Fla. 737, 738, 30 So.2d 102, 103 (1947) (statute held invalid which stated that "any person [who] commit[s] any act under color of authority as an ... employee of the ... State of Florida ... when such act is not authorized by law" commits a crime). But see State v. Rodriquez, 365 So.2d 157, 158 (Fla. 1978) (statute upheld which provided that "[a]ny person who knowingly ... [u]ses, transfers, acquires, traffics, alters, forges, or possesses ... a food stamp ... in any manner not authorized by law is guilty of a crime").
[2] See Cuda, Jenkins, DeLeo, Locklin.
[3] See Jenkins, DeLeo.