FRANK GONZALES, alias "CHEEKO," *Plaintiff in Error*, vs. THE STATE OF FLORIDA, *Defendant in Error*.

144 So. 311.

Opinion filed October 22, 1932.

*C. S. Ellis*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

PER CURIAM.—Plaintiff in error, Frank Gonzales, was convicted in the Criminal Court of Record of Dade County of the offense of having procured for prostitution and having feloniously caused to be prostituted an unmarried female under the age of sixteen years, in violation of Section 7578 C. G. L., 5435 R. G. S. Writ of error was taken to the sentence of ten years imprisonment imposed.

There is no direct evidence in the transcript to the effect that the female alleged to have been prostituted was an unmarried female and the brief of the Attorney General concedes the proposition that unless this Court can hold that from the evidence the jury could reasonably have inferred that the female named in the information was unmarried at the time of the alleged procurement, the judgment of the trial court must be reversed, for the question of .whether or not the female named was unmarried at the time of the offense was an essential element required to be proven by substantial evidence, either direct or circumstantial.

Neither does it appear by any substantial evidence found in the transcript sufficient to sustain the verdict of guilty, that the female named was *procured or caused to be prostituted,* the term "prostitution" as used in this statute meaning the leading of an unmarried female into unchastity and involves a financial element. See construction placed upon a similarly worded act of the United

States making it a felony for anyone knowingly to transport or cause to be transported in interstate or foreign commerce any woman or girl for the purpose of *prostitution*. Johnson v. United States, 215 Fed. 679.

Upon the whole record justice will be subserved by awarding a new trial and it is so ordered.

Reversed for a new trial.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs specially.

BROWN, J.—I concur in the holding that the case must be reversed for lack of evidence to prove that the female in question was unmarried, which is, under the statute an essential element of the offense charged. But this was, in my estimation, the only reversible error. I think there was enough evidence to sustain the verdict in so far as the other element of the offense is concerned.