FRANK D. UPCHURCH, Jr., Judge.
Barber appeals a judgment and sentence for unlawfully procuring for prostitution or causing to be prostituted a person under the age of sixteen years.
Appellant was charged in a two count information. The first count referred to the period between September 9, 1978 and September 30, 1978 and charged a violation of section 796.03, Florida Statutes (1977), that of procuring for prostitution an unmarried female under the age of sixteen. The second count covered the period from October 1, 1978 through May 3, 1979 and charged a violation of section 796.03, Florida Statutes (Supp. 1978), that of procuring for prostitution any person under the age of sixteen years.
The girl involved was fifteen years of age at the time of trial (August 1979). She had come to Orlando as a runaway in mid-1978. She had supported herself as a prostitute and was arrested for assignation to commit prostitution in September, 1978. While in jail, she was told by a female inmate that if she was willing to work for appellant, he would arrange her release. Appellant came to the jail and posted bond for her. She worked for appellant for three days in September by committing acts of prostitution and gave the money to appellant. She then left Orlando but returned in January of 1979 and commenced work at a truck stop *742 as a prostitute. About two months later, she again started working for appellant.
The essential question appellant raises is whether Gonzales v. State, 107 Fla. 121, 144 So. 311 (1932), provides the applicable test in determining whether appellant violated section 796.03, Florida Statutes.
Section 796.03 is a second degree felony. Section 796.07(2)(d) is also a second degree felony and prohibits the direction, taking, or transportation of a person for the purpose of prostitution. It is applicable to persons of any age and the meaning of “prostitution” is clearly defined. § 796.-07(l)(d), Fla.Stat. (1979). Therefore, the advisability of charging an offender with violation of 796.03 is questionable when section 796.07 is available with the same penalty without the additional elements required to be proved under 796.03.
In Gonzales v. State, the Florida Supreme Court stated, “[t]he term ‘prostitution’ as used in this statute,[1] meaning the leading of an unmarried female into unchastity, involves a financial element.” Gonzales, 144 So. at 311. Appellant concludes that because the supreme court has thus defined “prostitution” as used in the statute the conviction cannot stand because the girl involved had previously worked as a prostitute and therefore was not “led into un-chastity” by the appellant.
The state counters that while that may have been the definition in 1932, at the time of Gonzales, the Legislature, upon enacting section 796.07, defined “prostitution”:
1. As used in this section unless the context clearly requires otherwise:
(a) The term ‘prostitution’ shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for licentious sexual intercourse without hire. (Emphasis added.)
While appellant’s argument that the Legislature, by using the words “[a]s used in this section,” intended the definition to apply only to section 796.07 and not to other sections of Chapter 796 has merit, we decline to apply the Gonzales definition as urged by appellant in view of the Legislature’s latest indication of its meaning of the term by the enactment of 796.07 and the common meaning of the term in light of current usage. Clearly, the underlying purpose of section 796.03, which appears to be to protect children from sexual exploitation for commercial purposes, would best be served by applying the legislative definition in 796.07. We therefore affirm but because our interpretation may be construed as conflicting with Gonzales we certify the following question to the Florida Supreme Court in accordance with rule 9.030(a)(2)(B)(i), Florida Rules of Appellate Procedure:
WHETHER THE TERM “PROSTITUTION” AS USED IN SECTION 796.03, FLORIDA STATUTES (1977) AND SECTION 796.03, FLORIDA STATUTES (1978) MEANS THE LEADING OF AN UNMARRIED FEMALE INTO UN-CHASTITY, INVOLVING A FINANCIAL ELEMENT [GONZALES v. STATE, 107 FLA. 121, 144 SO. 311 (1932)], OR IS IT DEFINED ACCORDING TO THE DEFINITION ENUNCIATED IN SECTION 796.07(l)(a)?
ORFINGER and COBB, JJ., concur.

. Section 7578, Comp.Gen.Laws, section 5435, Rev.Gen.St.:
Whoever procures for prostitution, or causes to be prostituted, any unmarried female who is under the age of sixteen years shall be punished by imprisonment in the state prison not exceeding ten years.