COBB, Judge.
The appellant, Stumpf, was convicted below of one count of solicitation to commit a lewd act on a child and one count of lewd assault on a child. The state’s evidence at trial indicated that Stumpf, riding a bicycle, followed a twelve-year old boy riding his own bicycle, then forced him off the road causing him to fall and scrape his elbow. Stumpf told the minor that he desired (or intended) to perform a sexual act on the minor, who was frightened by the words and actions directed at him.
We must agree with the appellant that he was entitled to a judgment of acquittal in respect to Count I, the solicitation charge. Threatening to make another person the victim of a crime obviously does not constitute the conduct proscribed by section 777.04(2), Florida Statutes, which provides:
*1299 A person who solicits another to commit an ■ offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation.
Stumpf did not solicit the minor to commit any offense, hence his conviction under Count I is reversed.
We find no merit in the appellant’s remaining arguments on this appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
W. SHARP and HARRIS, JJ., concur.