WEBSTER, Judge.
Appellant seeks review of a final order denying Ms motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. The trial court based its denial of the motion on the conclusion that the issue raised by appellant had been raised previously, and decided adversely to him, on Ms direct appeal from Ms convictions. Because the issue raised by appellant amounts to a claim of fundamental error, and was not raised on appellant’s direct appeal, we reverse.
The record reflects that appellant was charged with a violation of the Racketeer Influenced and Corrupt Organization Act; two counts of “lewd and lascivious sexual battery” — i.e., sexual battery upon a child younger than age 16, in violation of section 800.04(2), Florida Statutes (1989); and one count of “solicitation to commit lewd and lascivious sexual battery” — i.e., solicitation to commit sexual battery upon a child younger than age 16, in violation of sections 777.04(2) and 800.04(2), Florida Statutes (1989). Only the latter charge is implicated by appellant’s motion. According to appellant, the state’s case on this charge was based on the theory that appellant had attempted to persuade a child who was younger than age 16 to engage in sexual relations with Mm for money. Appellant argues that, while evidence such as that presented by the state might have been sufficient to prove an attempt to commit “lewd and lascivious sexual battery,” that was not the offense with wMch he had been charged. We agree.
The relevant count of the information charging appellant reads:
COUNT FOUR: And your informant aforesaid, prosecuting as aforesaid, on Ms oath aforesaid, further information makes that HIRABHAI PATEL a/k/a MR. DIA-MONO, at and m Escambia County, Florida, on or about September 1990, did solicit [JANE DOE *] to commit an offense prohibited by law, to wit: lewd and lascivious sexual battery, and in the course of such solicitation, did encourage, hire or request [JANE DOE] to uMawfully commit lewd and lascivious sexual battery, in violation of Section [sic] 777.04(2), 777.04(4), and 800.04, Florida Statutes.
Section 777.04(2), Florida Statutes (1989), proMbits criminal solicitations. It reads:
Whoever solicits another to commit an offense proMbited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct wMch would constitute such offense or an attempt to commit such offense commits the offense of crimmal solicitation....
Section 800.04, Florida Statutes (1989), is titled “Lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery.” Subsection (2) thereof proMbits sexual battery upon a child younger than age 16. It reads: “Any person who ... Commits an act defined as sexual battery under s. 794.011(l)(h) upon any child under the age of 16 years ... is guilty of a felony of the second degree.... Neither the victim’s lack of chastity nor the victim’s consent is a defense to the crime proscribed by tMs section.” Section 794.011(l)(h), Florida Statutes (1989), defines “sexual battery” as “oral, anal, or vagmal penetration by, or umon with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.” Accordingly, to prove the offense charged in the information, the state was obliged to establish that appellant “command[ed], encourage[d], hire[d], or requested] [Jane Doe] to engage in specific conduct wMch would constitute” either actual or attempted “oral, anal, or vagmal penetration by, or urnon with, the sexual organ of [a child younger than age 16] or the anal or vagmal penetration of [a child younger than age 16] by any other object.”
*852 According to appellant, the state did not attempt to prove the foregoing at trial. Instead, it established, at most, that appellant had tried to persuade Jane Doe, a child younger than age 16, to engage in sexual relations with him for money. Presuming, for purposes of this appeal, that the allegations contained in appellant’s motion are accurate, we believe that appellant correctly argues that the state’s proof may have been sufficient to establish the offense of an attempt by him to commit “lewd and lascivious sexual battery” upon Jane Doe. However, that was not the offense appellant had been charged with having committed. He had been charged in the information with soliciting Jane Doe to commit sexual battery on another child younger than age 16, and the evidence was insufficient to establish that appellant had committed that offense. In short, the state charged one offense in the information, but proved a different one at trial.
Appellant further asserts (with apparent record support) that, notwithstanding the lack of evidence to prove such an offense, he was convicted of “solicitation to commit lewd and lascivious sexual battery.” We believe that appellant is, again, correct when he asserts that a conviction for an offense as to which no evidence has been presented constitutes fundamental error. E.g., Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994) (“[c]onviction of a crime which did not take place is a fundamental error”); Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989) (conviction of a crime that never occurred constitutes fundamental error). “A fundamental error may be raised for the first time at any point, including in a post-conviction proceeding.” Willie v. State, 600 So.2d 479, 482 (Fla. 1st DCA 1992).
In its order denying relief, the trial court acknowledged that the claim asserted was one which, if true, would involve fundamental error. However, because it concluded that appellant had previously raised the same issue on direct appeal from his convictions, it denied relief without reaching the merits. We have examined appellant’s direct appeal file. Although an issue addressed to the sufficiency of the evidence to uphold the conviction for “solicitation to commit lewd and lascivious sexual battery” was raised, it is clear that the issue presented by appellant’s motion was not. Accordingly, we reverse, and remand with directions that the trial court address the merits of appellant’s motion. Should the trial court conclude that appellant is entitled to have the conviction for “solicitation to commit lewd and lascivious sexual battery” set aside, it shall also address appellant’s subsidiary claim that the sentencing guidelines scoresheet must be recalculated.
REVERSED and REMANDED, with directions.
MINER and LAWRENCE, JJ., concur.

 The name used is fictitious, in an effort to protect the privacy of the child.