COPE, Judge.
The question presented by this appeal is whether section 877.18, Florida Statutes (1993), which regulates the issuance of identification cards by private vendors, is constitutional. We conclude that the statute is void for vagueness and reverse defendant’s convictions for violating the statute.
Section 877.18, Florida Statutes, makes it unlawful for a private vendor to issue an identification card or document containing the age or date of birth of the person to whom it was issued, unless the vendor obtains certain documentation of proof of age, and retains the documentation for three years. Id. § 877.18(l)(a). Violation of the statute is a third degree felony.[1]
*304 Section 877.18 requires that the applicant provide a notarized affidavit and “[a]n authenticated or certified copy of proof of age as provided in s. 232.03[.]” Id. § 877.18(l)(a)l. As written, paragraph 877.18(l)(a)l appears to require that proof of age under section 232.03, Florida Statutes, be obtained for every applicant. However, by its terms section 232.03, Florida Statutes, only sets forth the documentation which is required to be presented in order to gain admission of a child to prekindergarten or kindergarten. Section 232.03 itemizes the proof of age for a child which can be accepted by the school authorities. Under section 232.03, “[i]f the first prescribed evidence is not available, the next evidence obtainable in the order set forth below [within s. 232.03] shall be aceepted[.]” Id. Section 232.03 gives first preference to a child’s birth certificate, but then allows other alternative proof of age. Thus, although by its terms section 877.18 applies to adults and children, the statute the vendor is directed to follow, section 232.03, is by its terms only applicable to children falling within the compulsory attendance law.[2]
*305 The legislature has made violation of section 877.18 a third degree felony. The question is whether the statute is sufficiently definite to give citizens fair warning of the conduct which is prohibited. The principles applicable in the case of a vagueness challenge are well settled:
When construing a penal statute against an attack of vagueness, where there is doubt, the doubt should be resolved in favor of the citizen and against the state. Criminal statutes are to be strictly construed according to the letter thereof....
[[Image here]]
The requirements of due process of Article I, Section 9, Florida Constitution, and the Fifth and Fourteenth Amendments to the Constitution of the United States are not fulfilled unless the Legislature, in the promulgation of a penal statute, uses language sufficiently definite to apprise those to whom it applies what conduct on their part is prohibited. It is constitutionally impermissible for the Legislature to use such vague and broad language that- a person of common intelligence must speculate about its meaning and be subjected to arrest and punishment if the guess is wrong....
[[Image here]]
The test of vagueness of a statute as being whether the language conveys a sufficiently definite warning of the proscribed conduct when measured by common understanding and practice was succinctly stated by this court in Brock v. Hardie, 114 Fla. 670,154 So. 690 (1934), as follows:
‘... Whether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties is the test by which the statute must stand or fall, because, as was stated in the opinion above mentioned, ‘a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.’
[[Image here]]
More recently, this court in State v. Llopis, [257 So.2d 17 (Fla.1971)], held:
“When exercising its power to declare an offense punishable, the Legislature must inform our citizens with reasonable precision what acts are prohibited. There must be provided an ascertainable standard of guüt, a barometer of conduct must be established, so that no person will be forced to act at his peril....’
State v. Wershow, 343 So.2d 605, 608-09 (Fla.1977); see also Roque v. State, 664 So.2d 928, 929-30 (Fla.1995); Wyche v. State, 619 So.2d 231, 236-37 (Fla.1993); Warren v. State, 572 So.2d 1376, 1377 (Fla.1991); Southeastern Fisheries Ass’n, Inc. v. Dept. of Natural Resources, 453 So.2d 1351, 1353-54 (Fla.1984).
Applying the stated principles to section 877.18, we conclude that the statute is unconstitutionally vague. The text of section 877.18 sets forth documentation requirements for all applicants for identification containing age or date of birth, but the statute explaining what documentation is required, section 232.03, by its terms only applies to children who are subject to the compulsory attendance law, that is, children under the age of sixteen. See §§ 232.03, 232.01(l)(a), Fla. Stat. We believe that a reasonable vendor would be in doubt regarding whether the section 232.03 documentation must be obtained for all applicants, or only for applicants under the age of sixteen. Each subdivision of section 232.03 refers to documentation regarding a child: “the child’s birth record”; “certificate of baptism ... of the child”; “insurance policy on the child’s life”; “Bible record of the child’s birth”; “passport or certificate of arrival in the United States showing the age of the child”; “transcript of ... the child’s school record”; “affidavit of age sworn to by the parent, accompanied by a certificate of age signed by a public health officer.” Id. § 232.03(l)-(7). On reading this list of documentation we think a reasonable vendor would have considerable doubt whether the section 232.03 documentation is required for all applicants, or only for child applicants. As stated in State v. Wershow, ‘When construing a penal statute against an attack of *306 vagueness, where there is doubt, the doubt should be resolved in favor of the citizen and against the state.” 343 So.2d at 608.
Even if a reasonable vendor could glean that the section 232.03 documentation should be obtained for all applicants, there is an additional problem in that portion of section 232.03 which states, “If the first prescribed evidence is not available, the next evidence obtainable in the order set forth below [in s. 232.03] shall be accepted[.]” The term “not available,” is susceptible to multiple interpretations. The first item on the section 232.03 list is the child’s birth certificate. Id. § 232.03(1). Under one reading, a birth certificate is “not available” only if the applicant was never issued a birth certificate. Under this reading, a vendor should require an identification card applicant to obtain a certified copy of the birth certificate and refuse to issue the identification card without it. Under another possible interpretation, “not available” means only that the document must be available on the applicant’s person. Thus, if the applicant did not bring a birth certificate with him or her, the applicant may proceed down the list of alternatives and may present any proof which is on the list.
Section 232.03 is part of the public school law, and was drafted for the guidance of school officials in deciding what proof to accept when a child applies to enroll in the public school system. The statute is perfectly satisfactory when used as general guidance for school administrators, who are vested with administrative discretion in deciding what proof of age to accept when a child is being enrolled. However, the legislature incorporated this administrative statute by reference into section 877.18, to which a criminal penalty applies. For criminal law purposes, section 232.03 does not sufficiently inform a reasonable vendor what the term “not available” means.
Finally, section 877.18 requires an “authenticated or certified copy of proof of age,” id. § 877.18(l)(a)l, but does not explain what “authenticated” means. The state suggests that an “authenticated” copy is merely a simple photocopy. We are inclined to believe that by using the terms “authenticated or certified copy” the legislature meant to require some proof that the copy is a true copy of the original. See generally Sunnyvale Maritime Co. v. Gomez, 546 So.2d 6 (Fla. 3d DCA 1989). Again, for purposes of a criminal statute, a reasonable vendor must be put on notice of exactly what the law requires. Section 877.18 does not do so.
We conclude that section 877.18 is unconstitutionally vague.. The defendant’s convictions must therefore be reversed.[3] We have no doubt of the legislature’s power to enact regulations governing vendors of identification cards which show name or date of birth. We also have no doubt that the legislature can enact a criminal penalty for violation of such regulations. We only hold that section 877.18, as presently written, is unconstitutionally vague.
The convictions and sentences are reversed and the cause remanded with directions to discharge the defendant from the cause.[4]
GREEN, J., concurs.

. The Ml text of the statute is as follows:
877.18 Identification card or document purporting to contain applicant's age or date of birth; penalties for failure to comply with requirements for sale or issuance.—
*304 (1) It is unlawful for any person, except a governmental agency or instrumentality, to sell or issue, or to offer to sell or issue, in this state any identification card or document purporting to contain the age or date of birth of the person in whose name it was issued, unless:
(a) Prior to selling or issuing such card or document, the person has first obtained from the applicant and retains for a period of 3 years from the date of sale:
1. An authenticated certified copy of proof of age as provided in s. 232.03; and
2. A notarized affidavit from the applicant attesting to the applicant's age and that the proof-of-age document required by subpara-graph 1. is for such applicant.
(b) Prior to offering to sell such cards in this state, the person has included in any offer for sale of identification cards or documents that such cards cannot be sold or issued without the applicants' first submitting the documents required by paragraph (a).
(c) The identification card or document contains the business name and street address of the person selling or issuing such card or document.
(2) For the purposes of this section, the term "offer to sell” includes every inducement, solicitation, attempt, or printed or media advertisement to encourage a person to purchase an identification card.
(3) All records required to be maintained by this section shall be available for inspection without warrant upon reasonable demand by any law enforcement officer, including, but not limited to, a state attorney investigator or an investigator for the Division of Alcoholic Beverages and Tobacco.
(4) A person who violates the provisions of this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The failure to produce the documents required by subsection (1), upon lawful request therefor, is prima facie evidence of a violation of this section.
(5) The state attorney for any county in which a violation of this section occurs or the Attorney General may enjoin any sale or offer for sale in violation of this section by tempo-raiy and permanent injunction by application to any court of competent jurisdiction.

. The full text of section 232.03, Florida Statutes, is as follows:
232.03 Evidence of date of birth required. — Before admitting a child to prekindergarten or kindergarten, the principal shall require evidence that the child has attained the age at which he should be admitted in accordance with the provisions of s. 232.01, s. 232.04,or s. 232.045. The superintendent may require evidence of the age of any child whom he believes to be within the limits of compulsory attendance as provided for by law. If the first prescribed evidence is not available, the next evidence obtainable in the order set forth below shall be accepted:
(1) A duly attested transcript of the child’s birth record filed according to law with a public officer charged with the duty of recording births;
(2) A duly attested transcript of a certificate of baptism showing the date of birth and place of baptism of the child, accompanied by an affidavit sworn to by the parent.
(3) An insurance policy on the child’s life which has been in force for at least 2 years;
(4) A bona fide contemporary Bible record of the child's birth accompanied by an affidavit sworn to by the parent;
(5) A passport or certificate of arrival in the United States showing the age of the child;
(6) A transcript of record of age shown in the child's school record of at léast 4 years prior to application, stating date of birth; or
(7) If none of these evidences can be produced, an affidavit of age sworn to by the parent, accompanied by a certificate of age signed by a public health officer or by a public school physician, or, if neither of these shall be available in the county, by a licensed practicing physician designated by the school board, which certificate shall state that the health officer or physician has examined the child and believes that the age as stated in the affidavit is substantially correct.

. Defendant entered a plea of nolo contendere with reservation of the right to appeal the issue of the constitutionality of the statute.

. Under Article V, Section 3(b)(1) of the Florida Constitution, the state has the right to appeal this court's ruling to the Florida Supreme Court.