700 So.2d 643 (1997)
STATE of Florida, Appellant,
v.
Ronald MITRO, Appellee.
No. 89249.
Supreme Court of Florida.
September 4, 1997.
Rehearing Denied October 21, 1997.
*644 Robert A. Butterworth, Attorney General; and Keith S. Kromash and Michael J. Neimand, Assistant Attorneys General, Miami, for Appellant.
Benedict P. Kuehne of Sale & Kuehne, P.A., Miami, for Appellee.
WELLS, Justice.
We have on appeal Mitro v. State, 681 So.2d 303 (Fla. 3d DCA 1996), which expressly declared invalid section 877.18, Florida Statutes (1993). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
On August 11, 1994, Ronald Mitro was charged with sixteen counts of violating section 877.18, Florida Statutes (1993).[1] This section makes it a third-degree felony for a person except a governmental agency or instrumentality to sell, issue, or offer to sell or issue any identification card purporting to contain the date of birth of the person in whose name it was issued unless the applicant for the identification card provides to the vendor a notarized affidavit and an authenticated or certified copy of proof of age as set forth in section 232.03, Florida Statutes (1993).[2] Section 877.18, Florida Statutes (1993), contains no exceptions to the documentation requirements set forth in section 232.03, Florida Statutes (1993).
Mitro pled nolo contendere to each count in the information. The trial court found Mitro guilty on eleven counts, withheld adjudication, *645 and placed Mitro on probation for one year. On appeal, the district court held that section 877.18, Florida Statutes (1993), was unconstitutionally vague. Mitro v. State, 681 So.2d 303 (Fla. 3d DCA 1996). The court found that the reference to section 232.03, Florida Statutes (1993), which applies to children who are subject to compulsory attendance law, made it unclear whether the documentation requirement applies to all applicants or only to applicants under the age of sixteen. Id. at 305. Additionally, the district court found that the lack of definition of the terms "not available" in section 232.03, Florida Statutes (1993),[3] and "authenticated or certified copy" in section 877.18, Florida Statutes (1993), made the statute vague. Accordingly, the court reversed the convictions. 681 So.2d at 306.
On appeal to this Court, the State contends that by referencing section 232.03, Florida Statutes (1993), section 877.18, Florida Statutes (1993), simply sets forth the methods of acceptable proof of age for both children and adults. Additionally, the State argues that the term "[not] available" is not ambiguous because it is plainly defined as "[not] present or ready for immediate use," as defined in Black's Law Dictionary 135 (6th ed.1990). If an applicant is unable to produce any form of identification listed in section 232.03, Florida Statutes (1993), then the vendor may not issue an identification card. Moreover, the State contends that the requirement that an applicant produce an authenticated or certified copy of proof of age is not vague, as it clearly means a copy which is of such authority as to prove the content of the original. Finally, the State argues that the impracticality of adult compliance with section 232.03, Florida Statutes (1993), is not a basis for finding section 877.18, Florida Statutes (1993), unconstitutional. We agree.
This Court has consistently followed the established precept that, if reasonably possible and consistent with constitutional rights, it should interpret statutes in such a manner as to uphold their constitutionality. State v. Wershow, 343 So.2d 605, 607 (Fla.1977). In order to withstand a vagueness challenge, a statute must be specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct. Trushin v. State, 425 So.2d 1126, 1130 (Fla.1983) (citing Sanicola v. State, 384 So.2d 152 (Fla.1980)).
We do not agree with the district court's analysis that section 877.18, Florida Statutes (1993), fails this test. Perhaps it would have been better legislative drafting if the legislature had not chosen the shorthand method of referring to section 232.03, Florida Statutes (1993), and had set out in section 877.18, Florida Statutes (1993), what evidence of proof of age was required. However, we believe the choice of drafting was within the legislative prerogative and that the reference to section 232.03, Florida Statutes (1993), does not render the statute ambiguous or vague.
Furthermore, we do not find that the failure to define the terms "not available" or "authenticated" makes the statute unconstitutionally vague. As we recently noted in State v. Mark Marks, P.A., 698 So.2d 533 (Fla.1997), we have held that the legislature's failure to define a statutory term does not in and of itself render a penal provision unconstitutionally vague. Mark Marks, at 534. In the absence of a statutory definition, resort may be had to case law or related statutory provisions which define the term, and where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense. State v. Hagan, 387 So.2d 943, 945 (Fla.1980).
Section 232.03, Florida Statutes (1993), delineates the required evidence in an order of preference. We believe persons of common intelligence and understanding would know that this statute requires proof by this evidence from any person to whom an identification card or document which purports *646 to contain that person's age or date of birth is sold or issued and that the proof is to be retained for three years. As to the term "not available," we note that "available" is defined as "accessible, obtainable," Webster's Collegiate Dictionary 79 (10th ed.1994), and we believe this definition is the one a reasonable person would give that word when it is read in the context of this statute.
With respect to the requirement of section 877.18(1)(a)1, Florida Statutes (1993), that the applicant provide "[a]n authenticated or certified copy of proof of age," we find that "authenticated" is commonly understood as defined: "to prove or serve to prove the authenticity of." Webster's Collegiate Dictionary at 77. "Authenticity" is defined as "bona fide, real, or actual." Id. With respect to several of the items of acceptable proof, section 232.03, Florida Statutes (1993), expressly requires that the items be attested. As to the other items of acceptable proof, we find that authentication is by evidence in the form of attestation by a person or persons with personal knowledge that the proof-of-age documents are bona fide, real, or actual. We hold that photocopies of the documents will suffice if attested to as being accurate copies of the originals.
The legislature has obviously determined that the issuance of identification cards containing proof of age requires regulation. This determination is within the power of the legislature as is the determination of the sanction for violation of the regulation.
We have held that the legislature has broad discretion in determining necessary measures for the protection of the public health, safety, and welfare, and we may not substitute our judgment for that of the legislature as to the wisdom or policy of a legislative act. State v. Yu, 400 So.2d 762, 765 (Fla.1981) (citing Hamilton v. State, 366 So.2d 8 (Fla.1978)), appeal dismissed sub nom. Wall v. Florida, 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982). Accordingly, we quash the district court's decision and remand for proceedings consistent with our opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 877.18, Florida Statutes (1993), provides in relevant part:

(1) It is unlawful for any person, except a governmental agency or instrumentality, to sell or issue, or to offer to sell or issue, in this state any identification card or document purporting to contain the age or date of birth of the person in whose name it was issued, unless:
(a) Prior to selling or issuing such card or document, the person has first obtained from the applicant and retains for a period of 3 years from the date of sale:
1. An authenticated or certified copy of proof of age as provided in s. 232.03; and
2. A notarized affidavit from the applicant attesting to the applicant's age and that the proof-of-age document required by subparagraph 1. is for such applicant.
(b) Prior to offering to sell such cards in this state, the person has included in any offer for sale of identification cards or documents that such cards cannot be sold or issued without the applicant's first submitting the documents required by paragraph (a).
(c) The identification card or document contains the business name and street address of the person selling or issuing such card or document.
[2] Section 232.03, Florida Statutes (1993), provides:

Before admitting a child to prekindergarten or kindergarten, the principal shall require evidence that the child has attained the age at which he should be admitted in accordance with the provisions of s. 232.01, s. 232.04, or s. 232.045. The superintendent may require evidence of the age of any child whom he believes to be within the limits of compulsory attendance as provided for by law. If the first prescribed evidence is not available, the next evidence obtainable in the order set forth below shall be accepted:
(1) A duly attested transcript of the child's birth record filed according to the law with a public officer charged with the duty of recording births;
(2) A duly attested transcript of a certificate of baptism showing the date of birth and place of baptism of the child, accompanied by an affidavit sworn to by the parent;
(3) An insurance policy on the child's life which has been in force for at least 2 years;
(4) A bona fide contemporary Bible record of the child's birth accompanied by an affidavit sworn to by the parent;
(5) A passport or certificate of arrival in the United States showing the age of the child;
(6) A transcript of record of age shown in the child's school record of at least 4 years prior to application, stating date of birth; or
(7) If none of these evidences can be produced, an affidavit of age sworn to by the parent, accompanied by a certificate of age signed by a public health officer or by a public school physician, or, if neither of these shall be available in the county, by a licensed practicing physician designated by the school board, which certificate shall state that the health officer or physician has examined the child and believes that the age as stated in the affidavit is substantially correct.
[3] The district court found section 232.03, Florida Statutes (1993), satisfactory when used as general guidance for school administrators vested with discretion as to what proof of age to accept when a child is enrolled but found that the statute was not sufficiently defined for purposes of criminal liability.