OWEN, WILLIAM C., Jr., Senior Judge.
We affirm appellant’s conviction of attempting to procure a person under the age of eighteen for prostitution, but remand for correction of the judgment. Of the several issues raised on appeal, we discuss two: the sufficiency of the evidence concerning appellant’s identity as the perpetrator, and the constitutionality of section 796.08, Florida Statutes, (1993).
Appellant contends that the evidence was legally insufficient to identify him as the perpetrator of the offense. The evidence relevant to that issue is stated briefly as follows: Around 8:30 A.M., on February 23, 1994, Early Hylow, age 13, and her three stepsisters were walking to school when a maroon car driven by a white male drove slowly past them several times. Eventually, the car stopped opposite the children and the driver offered Early $50 “to be my sex toy.” She looked at the man and told him to keep going. The driver of the car persisted, telling her to “come get in the car.” After he got out and tried unsuccessfully to force Early into the ear, the man drove off. Early asked one of her stepsisters to write down the license tag number as she read it aloud. Mrs. Jones, taking her own child to school, had driven past a few moments earlier and had become suspicious upon seeing the man talking to the children. After she left her child at school, Mrs. Jones drove slowly back past where the maroon car was stopped so she could get another look at the male driver. Mrs. Jones continued to the end of the block, turned around and came back just as the maroon car was driving away. When the children told her what had happened, she took the four girls to their elementary school and told them to tell the principal. They gave the tag number to Mrs. Jones, and within a few minutes thereafter she again saw the same car. She confirmed the number and gave it to the police. They were able to trace the tag to an automobile which was registered to appellant and which matched the description given by Mrs. Jones and the children. When taken into custody appellant denied any involvement with the children but admitted that he had been in his ear in the vicinity around 8:30 A.M., looking to pick up a prostitute.
It is true that none of the four children ever identified appellant as the culprit, and in fact their verbal out of court description of the individual as having “long blonde hair in a pony-tail and rotten teeth” did not match appellant’s appearance. However, Mrs. Jones identified appellant, both in photos and in court, two and one-half years after the incident, as the driver of the maroon car whom she had seen talking to Early and her stepsisters as described above.
The test for sufficiency of the evidence is whether “a rational trier of fact could have found proof of guilt beyond a reasonable doubt.” Coley v. State, 616 So.2d 1017 (Fla. 3d DCA 1993), citing Melendez v. State, 498 So.2d 1258, 1261 (Fla.1986). This inquiry does not require a court to ascertain whether it believes that the evidence at the trial established guilt beyond a reasonable *1292 doubt. Instead, the question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See id. at 1018, citing Jackson v. Virginia, 443 U.S. 307, 315, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence in the present matter meets that test.
Appellant also contends that section 796.03, Florida Statutes (1993)[1] is unconstitutionally vague in that it fails to describe with certainty the conduct which is prohibited, specifically, it does not define the word “procure”. Defendant thus argues that since the term “procure” is not defined he had no way of knowing which of the several definitions of “procure” the legislature was prohibiting. Our supreme court recently reiterated that “if reasonably possible and consistent with constitutional rights, [courts] should interpret statutes in such a manner as to uphold their constitutionality.” State v. Mitro, 700 So.2d 643, 645 (Fla.1997) (not cited). “A statute will withstand constitutional scrutiny under a void-for-vagueness challenge if it is specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct.” Trushin v. State, 425 So.2d 1126, 1130 (Fla.1982); see Mitro, 700 So.2d 643; State v. Conforti, 688 So.2d 350 (Fla. 4th DCA), review denied, 697 So.2d 509 (Fla.1997). A statute must be written in language which is relevant to today’s society. See Warren v. State, 572 So.2d 1376 (Fla.1991). However, a statue need not be “a paradigm of legislative drafting” to be valid. See Jennings v. State, 667 So.2d 442 (Fla. 1st DCA), approved, 682 So.2d 144 (Fla.1996). The legislature’s failure to define a statutory term does not in and of itself render the statute unconstitutionally vague. See Mitro at 645. It is not the role of the courts to imagine odd scenarios that might test limits of a statute, but rather, courts should read the language of the statute from the perspective of a “normal reader.” See Johnson v. State, 701 So.2d 367 (Fla. 2d DCA 1997). Undefined words are construed in their plain and ordinary sense. See Mitro. Courts may refer to a dictionary to ascertain the plain meaning intended by the term. See L.B. v. State, 700 So.2d 370 (Fla.1997).
Webster’s New World Dictionary of the American Language (2d College Edition 1978) defines “procure” as:
To get or bring about by some effort; obtain; to obtain women for the purpose of prostitution.
Webster’s defines “procurer” as:
A person who procures; a man who obtains women for the purpose of prostitution; pimp.
Black’s Law Dictionary (6th ed.1990) defines “procure” as:
To initiate a proceeding; to cause a thing to be done; to instigate; to contrive; bring about; effect, or cause. To persuade, induce, prevail upon, or cause a person to do something. To obtain, as a prostitute, for another. Procure connotes action and means to cause, acquire, gain, get, obtain, bring about, cause to be done. (Citations omitted).
Black’s defines “procurer” as:
One who prevails upon, induces or persuades a person to do something. One who procures for another the gratification of his lusts; a pimp; a panderer. One who solicits trade for a prostitute or lewd woman. One that procures the seduction or prostitution of girls.
While it is true that “procure” may mean to act as a “pimp” and not necessarily procure the person for oneself, it is also clear that “procure” may mean persuading, inducing, or prevailing upon the person to do something sexual for oneself. A reading of the statute reflects both definitions as being criminal conduct. This is especially true in light of the fact that the intent behind the statue is the state’s compelling interest in protecting underage people from being sexu *1293 ally abused or exploited. See Grady v. State, 701 So.2d 1181 (Fla. 5th DCA 1997).
A person reading the statue from the perspective of a person of reasonable intelligence would be put on notice that asking a person under the age of 18 years to use his or her body as a “sex toy” in exchange for money would be a criminal act. We hold the statute is not unconstitutionally vague.
Finally, the record before us contains a judgment showing that appellant was tried and found guilty of count 3, “procuring a person under 18 for prostitution”, a second degree felony. As recited above, appellant was charged with and found guilty of attempt to procure for prostitution a person under the age of 18 years, a third degree felony. A corrected judgment should be entered accordingly.
The judgment is affirmed but remanded for correction consistent herewith.
AFFIRMED; REMANDED FOR CORRECTION.
DELL, J., concurs.
GROSS, J., concurs in part and dissents in part with opinion.

. Section 796.03 states:
Procuring person under age of 18 for prostitution.
A person who procures for prostitution, or causes to be prostituted, any person who is under the age of 18 years commits a felony of the second degree.