745 So.2d 979 (1999)
James KOBEL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2828.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
Clarification Granted November 24, 1999.
*980 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Terri Leon-Benner, Assistant Attorney General, Fort Lauderdale, for appellee.
EN BANC
PER CURIAM.
James Kobel appeals his convictions for attempted procurement of a minor for prostitution and attempted indecent assault. We affirm appellant's conviction for attempted indecent assault but reverse his conviction for attempted procurement because we find that the appellant's acts constituted the lesser crime of solicitation of a minor. In so ruling, we recede from our holding in McCann v. State, 711 So.2d 1290 (Fla. 4th DCA 1998).
A.L., a ten year old boy, and his friend, J.T., were walking together to the store when they observed appellant driving a red car and gesturing to them. Appellant appeared to be pointing at them and then pointing back down to his genital area. He stopped the car and asked them, "Do you want a blow job?" J.T., who did not understand what appellant meant, told appellant to meet them in the alley. Appellant drove into the alley and the two boys walked in behind him. Once there, appellant asked the boys who was older. A.L. said that J.T. was. Appellant then asked them if they wanted to make some money by doing a blow job. J.T. asked, "What's that?"and appellant responded, "Play with your dick." The two boys ran to A.L.'s house. Two weeks later, upon seeing the appellant in the neighborhood, the boys called the police. Appellant was apprehended and charged with two counts of procurement of a minor for prostitution and two counts of attempted indecent assault. At trial, the judge granted appellant's motion for judgment of acquittal as to counts I and III relating to J.T., and reduced the procurement count to attempted procurement as to A.L. The jury returned a guilty verdict on attempted procurement and attempted indecent assault.
Appellant argues that the trial court erred in failing to grant his motion to reduce the charge of procurement to solicitation. According to appellant, the facts presented by the state constituted solicitation rather than attempted procurement because the procurement statute proscribes the hiring of a minor for sexual activity with a third person. We agree.
Section 796.03, Florida Statutes (1997) defines the crime of procuring a person under the age of 18 for prostitution as follows:
A person who procures for prostitution, or causes to be prostituted, any person who is under the age of 18 years commits a felony of the second degree, punishable as provided in §§ 775.082, 775.083, or 775.084.
In Register v. State, 715 So.2d 274 (Fla. 1st DCA 1998), the defendant was convicted of unlawfully procuring for prostitution a person under the age of 18, pursuant to section 796.03, Florida Statutes (1995). Register offered a twelve year old girl money to have sex with him; she refused *981 and immediately reported the incident. The first district reversed Register's conviction for procurement and held that "the mere offer of money to a person under 18 to have sex with the offeror is solicitation, rather than procurement for prostitution." Id. at 275. That court noted that the pertinent statutes do not define either "procure" or "solicit." After analyzing and defining the two words, the first district found that "solicitation is the attempt to induce one to have sex;" while "procurement contemplates the attaining, bringing about, or effecting the result sought by the initial solicitation, such as obtaining someone as a prostitute for a third party." Id. at 276.
In Register, the defense relied on Barber v. State, 397 So.2d 741 (Fla. 5th DCA 1981), which held that "the underlying purpose of section 769.03 ... appears to be to protect children from sexual exploitation for commercial purposes." Register, 715 So.2d at 277 (emphasis supplied). "Defense counsel asserted that the `procurement' statute is directed toward persons (such as pimps) who seek to profit financially from engaging minors in prostitution with third parties." Id. In finding that Register's acts constituted solicitation, not procurement, the first district stated:
The Florida Legislature has classified as a felony the act of procuring for prostitution anyone under age 18. This designation is consistent with the intent to proscribe the commercial exploitation of children induced to engage in sexual activity with others for the financial benefit of the procurer pimp. ...Procuring for prostitution anyone 18 years of age or older is a misdemeanor under section 796.07. Soliciting anyone (irrespective of age) for prostitution likewise is a misdemeanor under section 796.07. The appellant tried to induce the minor victim to have sex with him, but she refused his offer. This was mere solicitation, not procurement. We find nothing in either statute that would support the State's argument that offering money while soliciting someone to have sex with the offeror was intended to have the same criminal consequences as inducing a victim to engage in sexual activity with a third party to the financial benefit of the pimp. A person who offers money to a minor to have sex with him commits a crime. The Florida Legislature has designated such an act of solicitation as a less severe crime than exploiting a minor to engage in sexual activity with a third party, to the procurer's financial advantage. This distinction is a matter within the exclusive prerogative of the legislative branch. If it had intended to classify the act of solicitation of a minor as a felony, the Florida Legislature easily could have done so.
Id. at 278 (citations omitted).
In McCann we affirmed McCann's conviction of attempting to procure a person under the age of eighteen for prostitution. McCann, however, challenged section 796.03 as unconstitutionally vague, arguing that the statute failed to describe the prohibited conduct and did not define the word "procure." In that case, McCann drove up to four girls and offered one of them $50 "to be [his] sex toy." McCann was unsuccessful in his attempt to force the girl into his car and drove off. We stated that:
While it is true that `procure' may mean to act as a `pimp' and not necessarily procure the person for oneself, it is also clear that `procure' may mean persuading, inducing, or prevailing upon the person to do something sexual for oneself. A reading of the statute reflects both definitions as being criminal conduct. This is especially true in light of the fact that the intent behind the statute is the state's compelling interest in protecting underage people from being sexually abused or exploited.
711 So.2d at 1292-1293.
In a dissenting opinion, Judge Gross disagreed with the majority's construction of section 796.03, stating:

*982 If section 796.03, Florida Statutes (1993) applies to this case, it is because the defendant `procured' the juvenile victim for prostitution within the meaning of the statute. Historically, the term `procure' has a specific meaning when used in a statute dealing with prostitution; in the dictionary definitions cited by the majority, a procurer of a prostitute is a pimp, one who obtains a prostitute for another. Although the majority broadly construes the term `procure,' this is contrary to the rule of construction of section 775.021(1), Florida Statutes (1993), which requires that criminal offenses `be strictly construed,' so that when the language of a criminal offense `is susceptible of differing constructions, it shall be construed most favorably to the accused.' In my view, section 796.03 is directed at those who procure juvenile prostitutes for others. In the argot of prostitution law, the defendant's conduct amounted to `solicitation,' contrary to section 796.07(2)(f), Florida Statutes (1993). The case might also have been charged as child abuse under section 827.04(3), Florida Statutes (1993).
Id. at 1293.
The trial judge was bound to follow the language in McCann, and, accordingly, denied the motion for judgment of acquittal on the procurement count. Upon further review, however, we are persuaded by the reasoning outlined in Register and Judge Gross' dissent in McCann, and now recede from McCann. The term "procurement" connotes a pecuniary gain from the exploitation of another. In a general sense, "procure" could mean to "obtain," which is the interpretation given it in McCann. However, in the context of prostitution, the word "procure" must be given its specialized meaning, which is "to obtain as a prostitute for another," connoting a commercial motive. Although the solicitation of a minor for sex and the procurement of a minor for prostitution are both evil deeds, the use of a minor for the "commercial enterprise" of prostitution is a greater evil. The Legislature's proscribed punishment for solicitation reflects its view that a one-time criminal act upon a minor differs in degree from introduction of a minor into a "life of prostitution." See Register, 715 So.2d at 278.
Moreover, as Register explains, the rule of lenity compels us to strictly construe the statutory language in appellant's favor:
To the extent that penal statutory language is indefinite or `is susceptible of differing constructions,' due process requires a strict construction of the language in the defendant's favor under the rule of lenity. Construing sections 796.03 and 796.07 together, we conclude that the trial court should have granted the motion for judgment of acquittal. Section 796.03 addresses only procurement for prostitution, not solicitation. Section 796.07(2)(f) makes it unlawful `[t]o solicit ... or procure another to commit prostitution ...' Although neither statute defines either `solicit' or `procure' the context in which the two terms are used in section 796.07 indicates a legislative intent to distinguish between the two acts.
Id.; § 775.021(1), Fla. Stat. (1997) (citations omitted).
Appellant next argues that the evidence was insufficient to support his conviction for attempted indecent assault. He contends that the only act committed in furtherance of an indecent assault was appellant's verbal request for handling or fondling. We disagree and find that appellant's conduct in driving into the alley as directed, after a specific request to engage in sexual activity, can properly be viewed as an overt act toward perpetration of the crime charged. See Smith v. State, 632 So.2d 644 (Fla. 1st DCA 1994).
Accordingly, we affirm appellant's conviction for attempted indecent assault and reverse his conviction for attempted procurement of a minor for prostitution.
AFFIRMED, in part; REVERSED, in part.
*983 WARNER, C.J., DELL, GUNTHER, STONE, POLEN, FARMER, KLEIN, STEVENSON, GROSS, TAYLOR and HAZOURI, JJ., concur.
SHAHOOD, J., dissents with opinion.
SHAHOOD, J., dissenting
I agree with the reasoning of the majority in McCann v. State, 711 So.2d 1290 (Fla. 4th DCA 1998), and, therefore, dissent from the majority in this case. Like the majority in McCann, I agree that "procure" may mean to act as a "pimp" and not necessarily procure a person for oneself; however, I think that it is equally clear that "procure" also means "persuading, inducing, or prevailing upon the person to do something sexual for oneself." Id. at 1292.

ON MOTION FOR REHEARING OR CLARIFICATION

EN BANC
PER CURIAM.
We hereby grant appellant's motion for clarification. On remand Count 2, attempted procurement of a minor, shall be reduced to solicitation, a second degree misdemeanor, under section 796.07, Florida Statutes. Appellant shall be resentenced on Count 2 and on Count 4, attempted indecent assault, upon recalculation of his scoresheet.
WARNER, C.J., DELL, GUNTHER, STONE, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR and HAZOURI, JJ., concur.