SHEVIN, Judge.
Walter Petty appeals a judgment of conviction for unlawful procurement of a minor for prostitution pursuant to section 796.03, Florida Statutes (1997). We reverse.
Section 796.03 provides that a “person who procures for prostitution, or causes to be prostituted, any person who is under the age of 18 commits a felony of the second degree.” We agree with Kobel v. State, 745 So.2d 979 (Fla. 4th DCA 1999), which holds that the statute at issue addresses the criminal act of hiring of a minor for sexual activity with a third party. “The term ‘procurement’ connotes a pecuniary gain from the exploitation of another.... [I]n the context of prostitution, the word ‘procure’ must be given its specialized meaning, which is to ‘obtain as a prostitute for another,’ connoting a commercial motive.” Kobel, 745 So.2d at 982. See Register v. State, 715 So.2d 274 (Fla. 1st DCA 1998)(legislature did not intend that offering a minor money to have sex with the offeror have the same penalty as inducing a minor to have sex with a third party to the financial benefit of the offeror); Barber v. State, 397 So.2d 741, 742 (Fla. 5th DCA 1981)(“underlying purpose of section 796.03 appears to be to protect children from sexual exploitation for commercial purposes”). We, therefore, conclude that Petty’s conviction must be re *475 versed because his actions do not fall within the purview of the statute at issue.
Here, the record discloses that defendant paid the victim money to engage in sexual acts with him. There is no evidence that a third party was involved or that the victim was exploited for defendant’s financial gain. Therefore, the evidence does not establish a violation of section 796.03, and defendant was entitled to a judgment of acquittal on that charge. Accordingly, we reverse the procurement conviction. On remand, the court shall enter a conviction for solicitation and re-sentence defendant.
Reversed and remanded.