HAZOURI, J.
Willie Randall was charged with lewd or lascivious battery, lewd or lascivious molestation, and lewd or lascivious conduct. Randall was tried before a jury which found him not guilty of counts I and II, the battery and molestation charges, but did find him guilty of count III, lewd or lascivious conduct by way of solicitation.
Randall was adjudicated guilty as to count III and sentenced to a term of seven years imprisonment, followed by eight years of sex offender probation. We reverse and remand for a discharge.
A.J. was a fourteen-year-old middle school student at the time that the incident which is the subject of the charges against Randall took place. On the afternoon of April 22, 2003, while her mother was at work, A.J. went to play with her cousins who lived across the street from her house. The cousins were the children of Victoria Randall, the wife of appellant, Willie Randall.
According to A.J.’s testimony, later that day, about 8:53 in the evening, Randall asked A.J. to take a walk with him. He told her he wanted to talk to her about boys. A.J. asked her mother if she could go on a walk with Randall telling her they were going to Kentucky Fried Chicken to get something to eat. Her mother allowed her to go as long as she was home by her curfew, 9:00 p.m.
Once they began walking, Randall walked in a different direction than the KFC. A.J. willingly followed him. A.J. testified that during the walk, neither one of them spoke to one another. Eventually they arrived at an overpass which was unlit. A.J. was scared, but continued to *696 follow Randall under the overpass and walked halfway up the embankment.
A.J. testified that at this point, Randall took off his shirt and placed it on the concrete embankment. Before they sat down on the shirt, A.J. testified that Randall spoke to her about boys and what they were going to do to her. A.J. also testified that Randall said he wanted to lick her on her vagina and he touched her on her vagina with his hand. A.J. stated that she pushed away Randall’s hand, but he kept putting his hand back in her pants. After this incident, Randall stood up, put his shirt back on, and helped A.J. off the embankment. A.J. testified that on the way home Randall told her not to tell anyone about the incident.
As noted above, Randall was convicted of lewd or lascivious conduct. Specifically as to count III, the information alleged that,
WILLIE RANDALL on the 22nd day of April ... being eighteen (18) years of age or older, did solicit ... a person under sixteen (16) years of age, to commit a lewd or lascivious act, to wit: to allow Willie Randall to place his tongue on the genital area of [A.J.], contrary to F.S. 800.04(6)(a) and F.S. 800.04(6)(b).
Randall argues that his alleged statement to A.J. that he wanted to lick her vagina was not sufficient to support the conviction of solicitation to commit lewd or lascivious conduct. We agree.
Our analysis begins with an examination of the two statutes describing the conduct for which Randall was convicted. The two statutes involved are section 800.04(6), Florida Statutes (2003), and section 777.04(2), Florida Statutes (2003). The relevant part of section 800.04(6) states that lewd or lascivious conduct includes a person who “[s]olieits a person under 16 years of age to commit a lewd or lascivious act.” Section 777.04(2) describes the crime of solicitation as:
A person who solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation. ...
The question in the instant case is whether Randall’s statement is sufficient to support a conviction that he encouraged or requested A.J. to engage in conduct which amounted to a lewd or lascivious act.
In support of his argument, Randall cites two cases, Patel v. State, 679 So.2d 850 (Fla. 1st DCA 1996), and Stumpf v. State, 677 So.2d 1298 (Fla. 5th DCA 1996).
In both Patel and Stumpf, the district courts found that the defendants’ conduct was not proscribed by the statutory language cited above. In Patel, the first district held that evidence that Patel tried to persuade a child under 16 to engage in sexual relations with him was insufficient to support a charge of solicitation to commit lewd and lascivious sexual battery. Patel, 679 So.2d at 851. Similarly, the fifth district in Stumpf held evidence that Stumpfs conduct of following a twelve-year-old, when both he and the minor were on bicycles, forcing the minor off the road causing him to fall and scrape himself, and telling the minor he wanted to perform a sexual act on him was insufficient to support a solicitation charge. Stumpf, 677 So.2d at 1298-99.
The state argues that this court’s decision in Kobel v. State, 745 So.2d 979 (Fla. 4th DCA 1999), is controlling and supports the conviction. Kobel involved a defendant convicted of attempted procurement of a minor for prostitution, who argued on appeal that the trial court should have re *697 duced his charge to solicitation. This court agreed with the defendant. In Ko-bel, the defendant stopped his car and asked two minors if they wanted a “blow job.” Kobel, 745 So.2d at 980. This court agreed that this conduct was solicitation and not procurement noting that procurement connoted a commercial motive which was missing from defendant’s conduct. Id. at 982. The conduct in Kobel is similar to that in the instant case where the defendant made a statement to a minor involving a sexual act and the minor’s involvement in said sexual act. However, the difference between the conduct in Kobel and the conduct in this case is that in Kobel, the defendant asked the minors if they wanted to make some money by engaging in the sexual act, while in this case, Randall did not ask A.J. to engage in a sexual act, but merely told her what he would like to do to her. Furthermore, the issue of whether the facts of Kobel supported a charge for solicitation was not directly addressed because the defendant was not challenging whether the solicitation charge could stand, but was seeking a reduction in the charge from procurement to solicitation. Because the discussion in Kobel was focused on the difference between procurement and solicitation, there is nothing in the opinion that supports the state’s argument that Randall telling A.J. what he wanted to do to her is the equivalent of “requesting” A.J. to engage in a sexual act, thereby constituting solicitation.
In Patel, the first district spoke of how the most the state was able to establish was that the defendant tried to persuade the minor to engage in sexual relations with him for money. Patel, 679 So.2d at 852. This evidence, the court concluded, “may have been sufficient to establish the offense of an attempt by [the defendant] to commit ‘lewd and lascivious sexual battery,’ ” but that was not what he was charged with. Id. The fifth district made a similar distinction in Stumpf, stating that “[t]hreatening to make another person the victim of a crime obviously does not constitute the conduct proscribed by [the solicitation statute.]” Stumpf, 677 So.2d at 1298.
We find that Kobel is not controlling and Patel and Stumpf are more persuasive based on the facts of the instant case. A. J.’s testimony that Randall “wanted” to lick her vagina was not an act of solicitation and the state, as a matter of law, failed to elicit sufficient competent evidence to sustain Randall’s conviction as charged in count III. Although Randall did not challenge the sufficiency of the state’s evidence in the trial court, “[a] conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law.” Griffin v. State, 705 So.2d 572, 574 (Fla. 4th DCA 1998).
We therefore reverse the conviction and direct the trial court to discharge Randall.

Reversed.

STEVENSON, C.J., and WARNER, J., concur.