ON MOTION FOR REHEARING
PER CURIAM.
We deny Appellant’s motion for rehearing or certification of conflict. For purposes of clarification, we withdraw our previous opinion and substitute this opinion in its place.
Fred Antonio Cleveland, Jr. challenges his convictions and sentences for lewd or lascivious conduct by touching a person under sixteen years of age and for lewd or lascivious conduct by solicitation. Cleveland raises three arguments on appeal: (1) whether the trial court abused its discretion when it denied Appellant’s motion for continuance; (2) whether the State failed to prove that he committed lewd or lascivious conduct by solicitation; and (3) whether he is entitled to be resentenced because the trial court failed to renew the offer of counsel prior to conducting the sentencing hearing. We affirm the first issue without further comment.
Cleveland argues that the State failed to present sufficient evidence to establish that he committed lewd or lascivious conduct by solicitation. The information charged Cleveland with violating section 800.04(6), Florida Statutes (2010), which provides that lewd or lascivious conduct occurs when a person “[s]olicits a person under 16 years of age to commit a lewd or lascivious act.” In order to prove lewd or lascivious conduct by way of solicitation, the State is required to show that the victim was under the age of sixteen, that the defendant solicited the victim to commit a lewd or lascivious act, and that the defendant was eighteen years of age or older at the time of the offense. Fla. Std. Jury *427 Instr. 11.10(d) (Crim). At trial, there was no dispute that the victim was under the age of sixteen and that Cleveland was over the age of eighteen at the time of the offense. Moreover, the State produced evidence that Cleveland asked the victim to “let” him perform a sexual act on her. Thus, under a plain reading of the statute, the State proved the charged crime.
Cleveland argues this Court is required to reverse his conviction based on the decisions in Randall v. State, 919 So.2d 695 (Fla. 4th DCA 2006), and Patel v. State, 679 So.2d 850 (Fla. 1st DCA 1996). In Randall, the Fourth District reversed the defendant’s conviction for lewd or lascivious conduct by solicitation because the State only established that the defendant told the victim that he “wanted” to perform a sexual act on her, which was an expression of desire and not a form of solicitation. Id. at 697. In contrast, the State proved in the instant case that Cleveland said “let me” perform a sexual act on the victim. The decision in Patel is also not applicable because Patel was charged with soliciting the victim, a child under the age of sixteen, to commit sexual battery on another child younger than age sixteen, in violation of sections 777.04(2) and 800.04(2), Florida Statutes (1989). Id. at 851. Because the 1989 version of section 800.04 did not refer to solicitation, the State was required to charge the defendant with violating both statutes.* Id. Here, Cleveland was charged only with violating section 800.04(6). Compare, Pri-vett v. State, 110 So.3d 543 (Fla. 1st DCA 2013) (reversing a conviction for soliciting unlawful sexual activity with minors, in violation of sections 794.05 and 777.04(2), Florida Statutes). Thus, neither of these decisions is applicable to this case, and we affirm Cleveland’s conviction for lewd or lascivious conduct by solicitation.
However, as properly conceded by the State, the trial court erred when it failed to renew the offer of counsel at the sentencing phase of Appellant’s trial as required by Florida Rule of Criminal Procedure 3.111(d)(5). Lewis v. State, 31 So.3d 944, 945 (Fla. 1st DCA 2010); Travis v. State, 969 So.2d 532, 533 (Fla. 1st DCA 2007). We, therefore, affirm Cleveland’s convictions, vacate his sentences, and remand for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED.
ROWE and OSTERHAUS, JJ„ concur.
PADOVANO, J., concurs in part and dissents in part.

 Section 800.04(6) was added in 1999 to expressly proscribe the act of solicitation. Ch. 99-201, Laws of Fla.