PADOVANO, J.,
concurring in part and dissenting in part.
I dissent from the part of the court’s decision that affirms the defendant’s conviction for solicitation to commit lewd or lascivious conduct. In my view, the evidence presented by the state was not sufficient to satisfy the elements of proof required by the statute proscribing this offense. I join in the court’s decision to the extent that it requires resentencing with a proper renewed offer of counsel.
Section 800.04(6)(a)2, Florida Statutes (2010), requires evidence that the offender solicited the victim “to commit a lewd or lascivious act.” (Emphasis added.) This language plainly refers to the solicitation of an action by the victim, not a request for permission to do something to the victim. The statute could be violated by enticing the victim to perform an act on a third *428 person or by enticing the victim to perform an act on or for the offender. However, the text of the statute rules out the situation we have here: a request by the offender that he be allowed to perform an act on the victim. See Randall v. State, 919 So.2d 695 (Fla. 4th DCA 2006); Stumpf v. State, 677 So.2d 1298 (Fla. 5th DCA 1996). At most, this kind of offense would amount to an attempt to commit the crime of lewd or lascivious molestation.
The majority attempts to distinguish Randall on the ground that the defendant in that case merely stated that he “wanted” to perform a sexual act on the victim whereas the defendant in this case said “let me” perform a sexual act on the victim. With respect for my colleagues in the majority, I think that this is a distinction without a difference.